Terrence John LOWNDES,
Plaintiff–Appellant,

v.

GLOBAL MARINE DRILLING
COMPANY, Defendant,

M–I Drilling Fluids Company, a/k/a
Magcobar and Dresser Industries,
Inc., Defendants–Appellees.

No. 89–4727
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 27, 1990.

Gordon P. Serou, Jr., John H. Ryan, Ryan & Willeford, New Orleans, La., for plaintiff-appellant.

Terence John Lowndes, Milton, Fla., pro se.

John E. Galloway, Galloway, Johnson, Tompkins & Burr, New Orleans, La., for defendants-appellees.

Before JOHNSON, GARWOOD and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

We are called upon to decide whether the district court abused its discretion in declining to reconsider its grant of an unopposed motion for summary judgment. The motion to reconsider is based upon evidence sought to be submitted over four months after the delay previously granted to oppose the motion had expired, and over two months after the evidence had been obtained. Finding no abuse of discretion, we affirm.

FACTS

In April 1986, appellant Lowndes brought this maritime tort action against Global Marine Drilling Company. He subsequently settled with Global and his claim against it was dismissed in July 1989.

In September 1987, appellant supplemented his complaint to add as an additional defendant "M–I Drilling Fluids Co., a/k/a Magcobar". In April 1988, appellant again amended to add as additional defendants "Magcobar Co., a Division of Dresser Industries, Inc." and "Dresser Industries, Inc.".

All these added defendants moved for summary judgment in October 1988 alleging that they had no connection with appellant's injury but that a separate corporation, "Dresser Europe–Egyptian Branch" operated the premises where plaintiff claimed to have been injured. Hearing on the motion was scheduled for December 19,

1988. On December 1, 1988, appellant moved for an extension of time within which to oppose the summary judgment motion. He was granted until December 9, 1988 to oppose. On December 9, appellant filed an unsupported opposition and moved to continue the hearing on the motion to allow him time to take discovery regarding the relationship between the added defendants and Dresser Europe–Egyptian Branch for the purpose of opposing the motion for summary judgment. On January 10, 1989, the court granted thirty additional days to conduct discovery for this purpose.

On February 1, 1989, appellant moved for an additional thirty-day delay within which to complete discovery. On February 2, 1989, the court granted an additional *twenty* days.

No opposition was ever filed. On June 29, 1989, the district court granted the summary judgment noting that "the plaintiff has failed to find any evidence that would render the defendants' liable."

On July 17, 1989, appellant filed a "Motion for Reconsideration and/or alternatively for a New Trial of the Ruling on the Defendants' Motion for Summary Judgment" submitting therewith a memorandum to which was attached a transcript of a deposition which had been taken on May 5, 1989. The court denied the motion for reconsideration holding that "plaintiff argues matters which could have been previously raised in a timely fashion." Judgment was entered and an appeal taken.

DISCUSSION

Appellant does not argue that the district court erred in granting the motion for summary judgment but rather argues that the motion for a new trial or reconsideration should have been considered as a Fed.R. Civ.P. 60(b)(1) motion and that it should have been granted due to excusable neglect. There are two problems with this position. First, it assumes that the district court did not consider the motion as one under Rule 60(b)(1). This assumption is not warranted. On the contrary, the district court's comment "the plaintiff argues matters which could have been raised in a timely fashion" indicates that the district judge did consider Rule 60(b)(1). Second, the motion provided no excuse why the deposition in support of the opposition to the motion for summary judgment had not been timely taken and filed. Appellant now admits this failure but argues that it can be determined from the record that trial counsel was excused because he had no indication that a ruling was forthcoming. But when the court might rule is not the issue. Counsel's failure to comply with the extended deadline is. The court granted counsel until March 2, 1987 within which to complete his discovery. This was less than requested, clearly indicating the court was ready to rule. Counsel did not even take the deposition until May 5. He had no basis to assume that he could submit anything in opposition to the motion after the delay afforded him by the district court had expired.

Appellant places great reliance on *Hibernia National Bank v. Administracion Central Sociedad Anonima,* 776 F.2d 1277 (5th Cir.1985). This case is, however, clearly distinguishable. There the delay was caused in part by counsel's unfamiliarity with the local rules. Here counsel was clearly aware of the date the court-ordered extension expired. Additionally, in *Hibernia* the evidence opposing the motion was submitted, albeit unsigned, one day after the delay expired. Here the evidence was not even obtained until more than two months after the delay to do so expired and the information was not submitted to the court until more than two weeks after the motion for summary judgment was granted.

In *Hibernia* we were unable to determine whether the district court granted the motion for summary judgment simply because it was unopposed or because it considered the merits of the motion. Here the district court clearly considered the affidavit submitted in support of the motion for summary judgment which unequivocally established that the added defendants had absolutely nothing to do with the premises on which the appellant was injured.

While it is true that Rule 60(b) motions must be applied in a manner to achieve substantial justice, if we were to adopt the position avowed by the appellant cutoff dates established by the district court in the orderly administration of the matters before it would become meaningless. Rule 60(b) motions would have to be granted without any showing of excusable neglect. Particularly in a case such as this where there is absolutely no reason given for the failure to timely comply after numerous delays were granted we can find no abuse of discretion.

AFFIRMED.