**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-30976
Summary Calender

LOUIS NELSON,

Plaintiff-Appellant,

VERSUS

STAR ENTERPRISE,

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana
(98-CV-1557-T)
June 15, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Louis Nelson appeals the district court's grant of summary judgment for Star Enterprise dismissing Nelson's claims of race discrimination and retaliation. The claims arose out of Nelson's employment with Star Enterprise and its decisions to not promote Nelson. Star Enterprise points to legitimate non-discriminatory

---

[*]Pursuant to 5ᵀᴴ Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cir. R. 47.5.4.

reasons for the failure to promote in the record.  Nelson contends that evidence introduced in an untimely opposition to summary judgment demonstrates that Star Enterprise's proffered reasons were pretextual and that the district court erred by failing to consider this evidence.  District courts have broad discretion to consider untimely oppositions to motions for summary judgment.  *See Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995); *Lowndes v. Global Marine Drilling Co.*, 909 F.2d 818 (5th Cir. 1990).  It is undisputed that Nelson's opposition was untimely filed.  We hold that the district court did not abuse its discretion in treating Star Enterprise's motion for summary judgment as unopposed in that the opposition was untimely filed.  The evidence submitted in the untimely motion is thus not properly part of the record on appeal.  *See Figgie Intl. Inc. v. Bailey*, 25 F.3d 1267, 1273 n.21 (5th Cir. 1994).

Having carefully reviewed the record properly before this court and studied the briefs of counsel, we AFFIRM for essentially the reasons set forth by the district court in its Memorandum Order dated August 5, 1999.