the position avowed by the appellant[,] cutoff dates established by the district court in the orderly administration of the matters before it would become meaningless. Rule 60(b) motions would have to be granted without any showing of excusable neglect."). For all of the reasons stated above, we **AFFIRM** the judgment of the district court.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0294P (6th Cir.)
File Name: 00a0294p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

GEORGE CACEVIC, an individual; DEDA CACEVIC, an individual; CHECKERS BAR & GRILL, INC., d/b/a Derby's Bar, a Michigan corporation,
   *Plaintiffs-Appellants,*

   *v.*

CITY OF HAZEL PARK, a Municipal corporation; HAZEL PARK POLICE DEPARTMENT; ALBERT SADOW, individually and in his official capacity as Chief of Police of the City of Hazel Park; JOHN DOE POLICE OFFICERS FOR THE CITY OF HAZEL PARK, individually and in their official capacities as Police Officers for the City of Hazel Park,
   *Defendants-Appellees.*

No. 99-1030

1

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 98-71833—Victoria A. Roberts, District Judge.

Argued: August 11, 2000

Decided and Filed: September 1, 2000

Before: KEITH, COLE, and GILMAN, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Hugh M. Davis, Jr., CONSTITUTIONAL LITIGATION ASSOCIATES, Detroit, Michigan, for Appellants. Timothy Mulligan, O'CONNOR, DEGRAZIA & TAMM, Bloomfield Hills, Michigan, for Appellees. **ON BRIEF:** Theodore S. Andris, Glenn H. Oliver, Southfield, Michigan, for Appellants. Julie McCann O'Connor, O'CONNOR, DEGRAZIA & TAMM, Bloomfield Hills, Michigan, for Appellees.

_____

**OPINION**

_____

RONALD LEE GILMAN, Circuit Judge. The owners of a bar brought suit under 42 U.S.C. § 1983, alleging that frequent "bar checks" by the local police constituted harassment that deprived the owners of their constitutional rights under the First, Fourth, and Fourteenth Amendments. In replying to the defendants' motion for summary judgment, the owners filed a non-substantive response that requested the district court to deny the motion for reasons that they asserted would be set forth in a subsequent filing. Although it did not grant the owners' request, the district court permitted the owners additional time to respond to the defendants' motion. A timely response, however, was never filed.

113, 115 (6th Cir. 1992) ("In reviewing summary judgment, we look at [the] record in the same fashion as the district court."). Instead "[w]e must now simply determine *de novo* whether [the] defendants met their initial Rule 56 burden; i.e., whether the facts, as presented by the defendants, required a determination that they were entitled to judgment as a matter of law." *Guarino*, 980 F.2d at 407; *see also id.* at 404 & n.5 (listing "dozens" of Sixth Circuit decisions that stand for the proposition that "a court's reliance on the facts advanced by the movant is proper and sufficient" when a motion for summary judgment is unopposed).

After carefully reviewing the record, the briefs of both parties, and the applicable law, we believe that the defendants met their burden, so that the district court's grant of summary judgment to the defendants was proper. *See id.* at 407, 410 (noting that although a district court must satisfy itself that the moving party has met the demands of Rule 56 before granting summary judgment, the court need not comb through the record to ascertain whether a genuine issue of material fact exists). Because the reasoning that supports the grant of summary judgment has been clearly articulated by the district court in a thorough and comprehensive opinion, we believe that further analysis in this opinion would serve no useful purpose.

**III.   CONCLUSION**

The decision in this case clearly turns on the outcome of the Rule 60(b) issue. Although it may seem harsh to turn a blind eye to the Cacevics' belated proffer of evidence, that is the price to be paid by litigants who do not comply with the rules and who are not sensitive to the fact that district courts "reasonably expect notification when more time for discovery is needed." *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996); *see also Lowndes v. Global Marine Drilling Co.*, 909 F.2d 818, 820 (5th Cir. 1990) ("While it is true that Rule 60(b) motions must be applied in a manner to achieve substantial justice, if we were to adopt

. . . Sadow's bifurcated deposition." This concession notwithstanding, "Rule 60 was not intended to relieve counsel of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise." *Federal's Inc. v. Edmonton Inv. Co.*, 555 F.2d 577, 583 (6th Cir. 1977); *see also Gucci Am., Inc., v. Gold Ctr. Jewelry*, 158 F.3d 631, 635 (2d Cir. 1998) (noting that a finding of bad faith is not a prerequisite to a conclusion that a party's neglect was inexcusable), *cert. denied*, *Home Boy 2000 v. Gucci Am., Inc.*, 525 U.S. 1106 (1999).

**B.   The district court did not err when it granted summary judgment in favor of the defendants**

We review de novo the district court's grant of summary judgment. *See Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir. 1997). Summary judgment is appropriate when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The judge is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A genuine issue for trial exists when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

Although the Cacevics proffered evidence that might or might not show a genuine issue of material fact after the district court had granted the defendants' motion for summary judgment, that evidence will not be considered by us on review. *See Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404 (6th Cir. 1992) ("This Court will not entertain on appeal factual recitations not presented to the district court any more readily than it will tolerate attempts to enlarge the record itself."); *Estate of Mills v. Trizec Properties*, 965 F.2d

After the district court granted summary judgment in favor of the defendants, the owners filed a motion for relief pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. They asserted that their failure to file a timely response to the summary judgment motion was due to mistake, inadvertence, or excusable neglect. The district court denied relief. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I.   BACKGROUND

**A.   The Cacevics' complaint and the taking of Chief Sadow's deposition**

George and Deda Cacevic are the owners of Checkers Bar & Grill, Inc., doing business as Derby's Bar in Hazel Park, Michigan. On May 1, 1998, the Cacevics and Checkers (collectively, the Cacevics) brought suit under 42 U.S.C. § 1983 against the City of Hazel Park, the Hazel Park Police Department, Hazel Park Chief of Police Albert Sadow, and other unidentified Hazel Park police officers. In their complaint, the Cacevics allege a pattern of harassment by Chief Sadow and his officers. Specifically, they contend that the Hazel Park police performed an "inordinate" amount of bar checks, which the Cacevics assert were intended to "intimidate and harass both the patrons and the owners" of Derby's Bar. The Cacevics also maintain that Chief Sadow unduly delayed the renewal of their business license. In addition to the § 1983 claims, the Cacevics alleged violations of the Michigan Constitution. The defendants denied engaging in any acts of intimidation or harassment, and asserted that their actions were justified because of an increased level of criminal activity occurring in or around Derby's Bar.

On June 6, 1998, the district court issued a routine scheduling order, which provided that all discovery was to be completed by October 31, 1998. The Cacevics originally scheduled Chief Sadow's deposition for June 23, 1998, but

were informed by defense counsel that he was out of state until late August of that year. They then rescheduled his deposition, first for September 10, 1998 and later for September 23, 1998. Both dates were subsequently cancelled by the Cacevics. Chief Sadow's deposition was finally taken in part on October 5, 1998 and completed on October 21, 1998.

## B.   Motion for summary judgment

In the meantime, the defendants moved for summary judgment on September 3, 1998, arguing that the bar checks to which the Cacevics objected were undertaken because Derby's Bar "ha[d] been the source of complaints of rowdy and malicious behavior," and not "in retaliation for the exercise of any constitutional right." On September 21, 1998, the Cacevics filed what they described as a "preliminary non-substantive response" to the defendants' summary judgment motion. (In the United States District Court for the Eastern District of Michigan, "[a] response to a dispositive motion must be filed within 21 days after service of that motion." E.D. MICH. L.R. 7.1(d)(1)(B).)  The three-page filing, however, mainly consisted of various denials of the allegations and arguments made in the defendants' brief. It also included the following statements:

[The Cacevics] further state that if given the opportunity to conduct discovery and factual development they will easily satisfy the requirements for a cause of action for a violation of the Michigan Constitution.

WHEREFORE, and for the reasons to be set forth in [the Cacevics]' Brief in Opposition to Motion for Summary Judgment to be filed at a future date, [the Cacevics] respectfully request that this Honorable Court deny Defendants [sic] Motion for Summary Judgment and award [the Cacevics] their attorneys fees so wrongfully sustained in defense of this Motion.

This court's decision in *Kendall v. Hoover Co.*, 751 F.2d 171 (6th Cir. 1984), a case cited by neither party, addresses a similar fact situation. In *Kendall*, the plaintiff initiated a civil rights suit against his employer. The plaintiff failed to submit a response to the employer's motion for summary judgment, and the district court granted the motion. *See id.* at 173. He argued on appeal, among other things, that the district court should have granted his Rule 60(b) motion based in part on "reasonable assumptions that should have been made by opposing counsel and the trial court with respect to plaintiff's need for additional time to gather economic data with which to respond to the summary judgment motion." *Id.* at 175.

In rejecting the plaintiff's argument, the *Kendall* court first noted that "if indeed there was a need for additional time to compile certain economic data, a procedure for securing the appropriate relief existed under Federal Rule of Civil Procedure 56(f)," and then observed that Kendall "did not even attempt to utilize Rule 56(f)." *Id.* It then agreed with the following conclusion of the district court: "The court is not persuaded that there has been any excusable neglect[] or mistake demonstrated. The failure to respond to a motion for summary judgment or to request an extension of time to file a response thereto is *inexcusable* neglect." *Id.* (emphasis added) (citing cases from other circuits). Furthermore, the neglect of the procedural rules and need to inform the court of any requested extensions is not made excusable simply because of an informal agreement between the parties. The Cacevics knew that the district court was a key player (if not *the* key player) in the summary judgment process, yet they kept the court completely "in the dark" until well past the filing deadline. We thus find *Kendall* controlling, and conclude that the district court did not abuse its discretion when it denied the Cacevics' motion for relief.

On a final note, the Cacevics acknowledge that, at a minimum, they "should have formally notified the District Court of their intent to respond to Defendants' Motion within 10 days of receiving the transcript of the second half of Chief

The denial of a Rule 60(b) motion is reviewed under the abuse of discretion standard. *See United States v. Universal Management Servs., Inc.*, 191 F.3d 750, 757 (6th Cir. 1999), *cert. denied*, --- U.S. --- , 120 S. Ct. 2740 (2000). We will find an abuse of discretion only when there is "a definite and firm conviction that the trial court committed a clear error of judgment." *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989). Although the Cacevics also challenge the district court's grant of summary judgment in favor of the defendants, a review of the merits of that decision is not to be considered for the purposes of evaluating the propriety of the Rule 60(b) denial. As was well-stated in *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264 (6th Cir. 1998):

> In reviewing an order denying Rule 60(b) relief, we have no occasion to review the underlying judgment—here, the dismissal of Feathers's complaint. Instead, we merely inquire as to whether one of the specified circumstances exists in which Feathers is entitled to reopen the merits of his underlying claims.

*Id.* at 268 (citation omitted).

Having concluded that the Cacevics failed to comply with Rule 56(f), we now focus on whether the district court erred by not granting, pursuant to Rule 60(b)(1), relief from the practical effect of that noncompliance. The Cacevics argue that their failure to file a substantive response to the defendants' summary judgment motion was "due to mistake and/or excusable neglect," based on their alleged difficulty in taking the deposition of Chief Sadow. But the force of this argument is substantially weakened by the fact that (1) the deposition was postponed on at least two occasions by the Cacevics, and (2) even after the deposition was completed, the Cacevics failed to either attach the deposition to their Rule 60(b)(1) motion or quote so much as one line from the transcript. The significance of Chief Sadow's deposition is therefore very much in doubt.

The district court declined the Cacevics' request for an immediate denial of the defendants' summary judgment motion and denied an award of attorneys' fees. Instead, it extended the deadline for filing a responsive brief to October 18, 1998 and rescheduled the motion hearing for November 16, 1998. The Cacevics, however, did not meet the October 18, 1998 deadline. Having received no response from the Cacevics even two weeks later, the district court cancelled the impending hearing on November 3, 1998 and granted the defendants' motion the following day.

In its November 4, 1998 memorandum opinion, the district court first noted that the Cacevics "have not responded to Defendants' Motion, despite this Court's Order extending their response time to October 18, 1998." Then, citing *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991) (explaining that when a non-movant fails to respond to a motion for summary judgment, the district court must still "examine the movant's motion . . . to ensure that he has discharged [his] burden"), it proceeded to evaluate the merits of the Cacevics' claims and the defendants' arguments in response.

First, the district court rejected the Cacevics' First Amendment claim, reasoning that they "have not produced evidence of any connection—much less retaliation—between the exercise of their allegedly protected First Amendment speech and Defendants' actions." Second, it ruled that the Cacevics' Fourth Amendment cause of action was without merit because "Derby's Bar is a commercial property held open to the public, with little expectation of privacy," and because the Cacevics "failed to produce evidence of any actual searches or seizures, instead relying on their claim of 'unjustified presence.'" Third, the district court rejected both the Cacevics' procedural and substantive due process claims under the Fourteenth Amendment, holding that they could not demonstrate a protected property interest, could not show a deprivation of any liberty interest, and that their claims could not fit within either of the two types of substantive due process claims available under Sixth Circuit precedent.

Fourth, it ruled that their Fourteenth Amendment equal protection cause of action fails, in part because they "have not shown that they belong to any class receiving heightened protection, nor can they demonstrate a violation of a fundamental right." Finally, the district court concluded that, for the reasons set forth in discussing the Cacevics' federal claims, their Michigan Constitution causes of action were likewise without merit.

**C.   Motion for relief**

On November 20, 1998, the Cacevics submitted a motion for relief pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, contending that their failure to meet the October 18, 1998 filing deadline resulted from mistake, inadvertence, or excusable neglect. Specifically, the Cacevics stated that the defendants "verbally agreed" to permit the filing of the summary judgment response after October 18, 1998, once the deposition of Chief Sadow was completed. They also asserted that on several occasions they unsuccessfully attempted to reach the Deputy Clerk "for the purpose of obtaining an [additional] extension of the response time beyond October 18, 1998." The Cacevics attached to their motion various exhibits, including selected historical records indicating the frequency and nature of the Hazel Park Police Department's bar checks.

In the defendants' response to the motion for relief, they argued that the Cacevics "simply failed to submit a substantive response to Defendants' motion, and the Court considered the motion, as it is entitled to do, on the merits without a hearing, after having waited numerous weeks for [the Cacevics] to file a response." Although the defendants acknowledged that they verbally agreed to an extension beyond October 18, 1998, their response noted that the Cacevics never formalized the requested extension with either the district court or defense counsel:

Although the district court was not required to do so, it postponed the Cacevics' response deadline until October 18, 1998. Nevertheless, even with this extension, the Cacevics failed to complete the deposition of Chief Sadow until October 21, 1998. With the new deadline looming, the Cacevics, as stated in their motion for relief, sought and received permission from the defendants to file after October 18, 1998, but were unsuccessful in their efforts to reach the Deputy Clerk for the purpose of obtaining more time. The proper method for requesting such an extension, however, is, as discussed above, a Rule 56(f) filing. *See Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 U.S. 211, 231 n.19 (1979) ("An oral request made over the telephone to a busy District Judge cannot be considered with the same care and understanding that formal motions properly receive."). Thus, the Cacevics again failed to comply with Rule 56(f).

> **2.   *Rule 60(b)(1)—"Relief from judgment or order" for "mistake, inadvertence, surprise, or excusable neglect"***

Rule 60(b)(1) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . ." Such a motion is

> intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.

*Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999); *see also Bank of California, N.A. v. Arthur Andersen & Co.*, 709 F.2d 1174, 1177 (7th Cir. 1983) ("Rule 60(b)(1) is intended to allow clear errors to be corrected without the cost and delay of an appeal.").

an affidavit.  *See Radich*, 886 F.2d at 1394 ("Appellants contend that their attorney's unverified memorandum opposing the motion for summary judgment complies with the Rule 56(f) affidavit requirement.  It does not . . . .  An unsworn memorandum opposing a party's motion for summary judgment is not an affidavit."); *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986) ("References in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f).  Rule 56(f) requires affidavits setting forth the particular facts expected from the movant's discovery.").

Nor did their September 21, 1998 response meet the substantive requirements of Rule 56(f).  It only stated that (1) "if given the opportunity to conduct [further] discovery" the Cacevics would be able to successfully oppose the defendants' summary judgment motion and (2) they would, at some point, be filing a brief in opposition to the motion. Nowhere in the unsworn document did the Cacevics indicate to the district court "what material facts [they] hope[d] to uncover and why [they] ha[d] not previously discovered the information." *Radich*, 886 F.2d at 1393-94; *see also Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999) ("Plaintiff's affidavit makes only general and conclusory statements regarding the need for more discovery and does not show how an extension of time would have allowed [relevant] information . . . to be discovered."); *Tate v. Boeing Helicopters*, 140 F.3d 654, 661 (6th Cir. 1998) (holding that the plaintiffs were not entitled to additional discovery, in part because "[t]he plaintiffs' Rule 56(f) affidavit did not in any way explain plaintiffs failure to conduct sufficient discovery within this extended time frame"); *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 961 & n.4 (4th Cir. 1996) (rejecting, for the purposes of Rule 56(f), the plaintiff's memorandum in opposition to the defendant's summary judgment motion because it simply stated, in two passages, that she could not adequately oppose the motion "at this early stage in the litigation—especially when plaintiff has not yet been afforded the opportunity to conduct discovery").

Counsel for Defendants stipulated to an extension of time for [the Cacevics] to file a response to Defendants' motion, but [the Cacevics' counsel] never made any effort to bring a motion for an extension of time to file his response, and did not make a written request to Defendants' counsel for such an extension.

On December 18, 1998, the district court denied the Rule 60(b)(1) motion, concluding that the Cacevics' failure to file a response within the extended time "was not the result of 'mistake, inadvertence, surprise, or excusable neglect.'"

The Cacevics have timely appealed.  They argue that the district court erred by denying them relief pursuant to Rule 60(b)(1), and by granting summary judgment in favor of the defendants.

## II.  ANALYSIS

### A.  The district court did not err when it denied the Cacevics' motion for relief

The Cacevics first argue that the district court erred by not granting their motion for relief pursuant to Rule 60(b)(1). They state that they had a "verbal understanding" with the defendants that "allowed them additional time to complete discovery" and, in turn, file their response after the court-imposed deadline.  The Cacevics contend that their "fail[ure] to formally codify this [verbal understanding] in writing either in the form of a written Order of the District Court or by way of a Motion requesting additional time . . . at the very most constitutes mistake and/or excusable neglect."

#### 1.   *Rule 56(f)—"When affidavits are unavailable"*

A decision on this issue requires us to first consider Rule 56(f) of the Federal Rules of Civil Procedure, which was not mentioned by the parties in their briefs nor cited by the district court in any of its rulings.  It provides as follows:

Should it appear from the affidavits of a party opposing the [summary judgment] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

FED. R. CIV. P. 56(f). It has been referred to as a "carefully crafted" rule that serves as a vehicle through which the non-movant meets his "obligation to inform the district court of his need for discovery . . . ." *Vance ex rel. Hammons v. United States*, 90 F.3d 1145, 1149 (6th Cir. 1996).

The Fourth Circuit has commented as follows on the importance of complying with Rule 56(f)'s requirement through the use of affidavits, as opposed to briefs:

We, like other reviewing courts, place great weight on the Rule 56(f) affidavit, believing that "[a] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit." The Second Circuit Court of Appeals has similarly explained that "[a] reference to Rule 56(f) and to the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56(f) affidavit . . . and the failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate."

*Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996) (citations omitted) (alterations in original); *see also Radich v. Goode*, 886 F.2d 1391, 1394 (3d Cir. 1989) ("Rule 56(f) clearly requires that an affidavit be filed.").

The importance of complying with Rule 56(f) cannot be overemphasized. "[I]f the appellant has not filed either a Rule 56(f) affidavit or a motion that gives the district court a chance to rule on the need for additional discovery, this court will not normally address whether there was adequate time for discovery." *Plott v. General Motors Corp.*, 71 F.3d 1190, 1196 (6th Cir. 1995) (citations omitted); *see also Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 832-33 (10th Cir. 1986) ("Where a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate.") (citing *Shavrnoch v. Clark Oil & Refining Corp.*, 726 F.2d 291, 294 (6th Cir.1984)). Beyond the procedural requirement of filing an affidavit, Rule 56(f) has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information. *See Radich*, 886 F.2d at 1393-94.

Some courts have suggested that the request for relief under Rule 56(f) can take a form other than an affidavit. *See, e.g., Pfeil v. Rogers*, 757 F.2d 850, 856 (7th Cir. 1985) ("A court may disregard a failure to formally comply with Rule 56(f) if the opposing party's request for a continuance clearly sets out the justification for the continuance."). Indeed, even our own court has intimated that either a Rule 56(f) affidavit "or a motion" would suffice. *Plott*, 71 F.3d at 1196. We need not address this issue, however, because, as explained below, the Cacevics complied with neither the technical nor the substantive aspects of the rule.

We first note that the Cacevics failed to file an affidavit on two separate occasions—first on September 21, 1998 and again prior to October 18, 1998. Their September 21, 1998 "preliminary non-substantive response" was clearly a request for additional time for discovery, but it was not in the form of