**Kenneth Vernon STILL, Plaintiff–Appellant,**

v.

**Reginald A. WILKINSON, Director, et al., Defendants–Appellees.**

No. 00–3684.

United States Court of Appeals, Sixth Circuit.

March 19, 2001.

Before MERRITT, NELSON, and SUHRHEINRICH, Circuit Judges.

## ORDER

Kenneth Vernon Still, an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On July 1, 1993, Still, a practicing Muslim incarcerated at the Marion Correctional Institution ("MCI"), filed a complaint against twenty-five individuals employed in various capacities by the Ohio Department of Rehabilitation and Correction ("ODRC"). The complaint alleged that the defendants violated Still's First Amendment right to freely exercise his religion by: failing to provide Islamic clergy and religious materials; failing to comply with ODRC policy adopted in response to the Religious Freedom Restoration Act; conducting a strip search and visual body cavity inspection of him and other inmates on June 26, 1992, during an Islamic religious service; forcing him to submit to a tuberculosis skin test during the Islamic holy month of Ramadan; and failing to accommodate the requirements of his religion in the same manner as other religions. On September 26, 1994, counsel entered an appearance on Still's behalf and represented him throughout the proceedings.

The defendants filed motions for summary judgment, to which Still responded. A magistrate judge filed a report recommending that the defendants' motions be granted. Over Still's objections, the district court granted summary judgment in favor of the defendants and dismissed the case. Still, through counsel, filed a timely appeal. Upon review, this court affirmed in part, vacated in part, and remanded the action to the district court for further proceedings. This court concluded that Still had abandoned all of his claims except the claim regarding the June 26, 1992, strip search. Because the district court had not addressed the merits of the strip search claim prior to dismissal of the action, this court remanded the case to the district court for consideration of that claim.

Following this court's order, the defendants filed a motion for summary judgment, to which Still, through counsel, responded. The district court granted the defendants' motion and dismissed the case. Still has filed a timely appeal and is now proceeding pro se.

Upon de novo review, we conclude that the district court properly granted summary judgment in favor of the defendants with respect to Still's First

Amendment free exercise of religion claim. *See EEOC v. Northwest Airlines, Inc.,* 188 F.3d 695, 701 (6th Cir.1999). A prisoner's right to practice his religion is subject to prison policies and regulations that are "reasonably related to legitimate penological interests." *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); *accord Spies v. Voinovich,* 173 F.3d 398, 403 (6th Cir.1999). Courts generally accord great deference to prison officials' adoption and execution of policies, regulations, and practices relating to the preservation of internal order, discipline, and security within the prison environment. *Thornburgh v. Abbott,* 490 U.S. 401, 407–08, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989); *Turner,* 482 U.S. at 85; *Walker v. Mintzes,* 771 F.2d 920, 929–30 (6th Cir.1985).

■ The defendants offered evidence that ODRC officials considered drugs and money threatening to the safety and security of ODRC correctional institutions and Still offered no evidence to refute the defendants' assertions. Based upon the information provided to the defendants by an anonymous caller regarding a potential drug trade between the Imam and the inmates during Islamic religious services, the defendants reasonably responded to a legitimate threat to prison safety and security. The search of the inmates attending the Islamic religious service on June 26, 1992, was reasonably related to legitimate penological objectives and the defendants' concern for maintaining institutional security. *See Thornburgh,* 490 U.S. at 407–08; *Spies,* 173 F.3d at 403–04. Still's claim that summary judgment was prematurely granted because he was not afforded an adequate opportunity to conduct discovery is without merit. *See* Fed.R.Civ.P. 56(f); *Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir.2000).

The defendants are also entitled to qualified immunity in light of Still's failure to establish a First Amendment violation. *See Mattox v. City of Forest Park,* 183 F.3d 515, 520 (6th Cir.1999).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.