**Duane MONTGOMERY,**
**Plaintiff–Appellant,**

**v.**

**ALCOA, INCORPORATED, formerly known as Aluminum Company of America; Alcoa Fujikura, Limited, also known as Afl, Defendants–Appellees.**

**No. 00–2202.**

United States Court of Appeals,
Sixth Circuit.

April 27, 2001.

Before RYAN and BATCHELDER, Circuit Judges; MATIA, Chief District Judge.*

Duane Montgomery, a Michigan citizen, appeals pro se the summary judgment for defendants in an action alleging employment discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and copyright infringement under 17 U.S.C. §§ 101–702. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Montgomery, who was employed by defendants as a programmer/analyst from January 1998 to June 1999, filed this complaint seeking thirty million dollars in damages for being discharged allegedly due to his disability of diabetes, and an injunction to prevent defendants from infringing on an alleged copyright of a computer program Montgomery wrote during his employment. Cross-motions for summary judgment were filed by the parties. The district court heard oral argument on the motions and granted summary judgment to defendants.

On appeal, Montgomery argues that the district court relied on inadmissible evidence in granting summary judgment to

---

* The Honorable Paul R. Matia, United States Chief District Judge for the Northern District of Ohio, sitting by designation.

defendants, and denied him necessary discovery.

We will affirm the summary judgment for defendants, because de novo review of the record shows that there is no material issue of fact and defendants are entitled to judgment as a matter of law. *See LaPointe v. UAW Local 600*, 8 F.3d 376, 378 (6th Cir.1993).

■■■ Initially, we note that the arguments Montgomery is raising on appeal were never presented to the district court and therefore need not be addressed by this court. *See Friendly Farms v. Reliance Ins. Co.*, 79 F.3d 541, 544 (6th Cir. 1996). Moreover, the issues are patently frivolous. Montgomery requested that defendants admit the authenticity of a massive number of documents. Because defendants objected to this request, Montgomery now argues that the documents were inadmissible and erroneously relied on by the district court. Montgomery did not make this point in his oral argument before the district court. In fact, it was he who sought to introduce the documents, which were not rendered inadmissible by defendants' objection to the request for admissions. He also complains that the district court relied on his deposition testimony, which was never admitted into evidence. There was no requirement that the deposition be admitted. Defendants attached the relevant portions to their summary judgment motion, and Montgomery did not object in the district court.

■■■ Similarly, Montgomery alleges that he was denied needed discovery. This argument is waived because he did not inform the district court what material facts he hoped to obtain through further discovery. *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir.2000). It is not apparent what evidence Montgomery could have discovered which would have altered the outcome of this action.

■■■ Montgomery has raised no argument on appeal which would cast doubt on the district court's findings on the merits of his case. It is dispositive that, while Montgomery disclosed his diabetes on his pre-employment physical, even if this information was passed on to defendants, he never informed them that he was limited by his diabetes or required any accommodation. *See Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042, 1046–47 (6th Cir.1998); *Taylor v. Principal Fin. Group, Inc.*, 93 F.3d 155, 164–65 (5th Cir.1996). Because Montgomery never requested to be allowed to go home when he needed to inject insulin, defendants were justified in discharging him for excessive absenteeism.

■■■ Montgomery has also failed to demonstrate any error in the district court's findings regarding his copyright infringement claim. Under the Work for Hire doctrine, an employer owns the copyright on a product prepared by an employee within the scope of his employment, absent a written agreement to the contrary. 17 U.S.C. § 201(b); *Community for Creative Non–Violence v. Reid*, 490 U.S. 730, 737–38, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989). The district court properly analyzed all the relevant factors in concluding that Montgomery was an employee of defendants and therefore did not own a valid copyright. *See Reid*, 490 U.S. at 751, 109 S.Ct. 2166. Further discovery would not have altered this conclusion.

For all of the above reasons, the summary judgment for defendants is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.