Richard **SIGGERS**, Plaintiff–Appellant,

v.

James **RENNER**, et al., Defendants–Appellees.

No. 01–4067.

United States Court of Appeals, Sixth Circuit.

April 30, 2002.

139

Before KRUPANSKY and BOGGS,
Circuit Judges; LAWSON, District

Judge.[*]

## ORDER

Richard Siggers appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Siggers alleged that the defendants had violated his rights while he was incarcerated in an Ohio prison. He primarily alleged that several guards had retaliated against him by harassing him and by using pepper spray to force his submission to a haircut. The district court adopted a magistrate judge's recommendation over Siggers's objections, and granted the defendants' motion for summary judgment on August 31, 2001. It is from this judgment that Siggers now appeals.

We review an award of summary judgment de novo. *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir.1995). Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.*

■ "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). The plaintiff is not required to show a serious injury, although the extent of his injuries may be considered in determining whether the use of force was wanton and unnecessary. *Id.* at 7. Other factors include "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 321, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)).

■ An examination of these factors supports the district court's decision. First, Siggers has not shown that he sustained a serious injury. Second, the application of force was needed, as Siggers refused to obey the defendants' orders to stand up and to leave a strip cage. Third, the amount of force used was reasonably related to that need. Fourth, the defendants reasonably perceived that Siggers's refusal to leave the cage presented a threat to prison security. Finally, the defendants tempered the severity of their response by allowing Siggers to shower and to see a nurse after he was sprayed and by following the nurse's advice to place him in a cell with open ventilation.

■ Siggers now argues that the use of force was unconstitutional because the Rules Infraction Board had not authorized a forced haircut under Ohio Admin. Code § 5120–9–25(H). This argument is unpersuasive because an inmate may not refuse a direct order merely because he disagrees with a guard's interpretation of a prison regulation. Indeed, the regulations arguably support the defendants' use of force, as Siggers's refusal to obey their direct orders to exit the cage was a Class II rule violation, which is considered an immediate and direct threat to the security of the

[*] The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

institution. *See* Ohio Admin. Code §§ 5120–9–06(B) *and* (E)(1).

Siggers alleged that the defendants retaliated against him because he "had words" with one of them in May of 1998. However, his excessive force claim is based on an incident that occurred almost a year later, on April 11, 1999. Thus, Siggers's retaliation claim is unavailing, as his conclusory assertions do not show a sufficient causal nexus between the 1998 argument and the alleged assault. *See Smith v. Campbell,* 250 F.3d 1032, 1037–39 (6th Cir. 2001).

Siggers also alleged that the defendants subjected him to insults and racial slurs. It appears that this claim was abandoned in his objections to the magistrate judge's report. Nevertheless, we note that mere insults are generally not actionable under 42 U.S.C. § 1983. *See Ivey v. Wilson,* 832 F.2d 950, 955 (6th Cir.1987).

Siggers argues that he was not allowed sufficient discovery before summary judgment was entered against him. This argument fails because he did not file an affidavit with the district court which clearly demonstrated why additional discovery was needed. *See* Fed.R.Civ.P. 56(f); *Cacevic v. City of Hazel Park,* 226 F.3d 483, 488–89 (6th Cir.2000).

Finally, Siggers argues that the magistrate judge was biased because he denied his request for counsel. There is, however, no real indication of bias and Siggers did not have a constitutional right to counsel in this case. *See Lavado v. Keohane,* 992 F.2d 601, 605–06 (6th Cir.1993).

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.