**James HELFRICH, Plaintiff–Appellant,**

v.

**METAL CONTAINER CORP.; Lisa A. Lee, Defendants–Appellees.**

No. 02–3011.

United States Court of Appeals, Sixth Circuit.

Aug. 6, 2002.

Before KEITH, MOORE, and GILMAN, Circuit Judges.

James Helfrich appeals pro se from the district court's dismissal of an action that he had filed under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461. His case has been referred to a panel of this court under Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Helfrich initially alleged that he had called the administrator of his retirement plan to inquire about a $400 deficit on his 401(k) statement and that the defendants had violated state law and ERISA by sending him a "letter of discharge" in retaliation for his inquiry. The district court dismissed these claims on May 15, 2001, as Helfrich was no longer an employee who could be discharged when the disputed letter was sent. However, the court also declined to dismiss the case as a whole because a motion to amend the complaint was still pending.

Helfrich then filed a second amended complaint, in which he primarily alleged that the defendants had violated ERISA by denying him access to his retirement plan and by denying his right to communicate with the plan provider about his retirement account. The district court granted summary judgment to the defendants on these claims and dismissed Helfrich's case in its entirety on November 19,

2001. It is from this judgment that he now appeals.

The district court properly found that Helfrich's state law claims were preempted by ERISA. *See Tassinare v. American Nat'l Ins. Co.,* 32 F.3d 220, 224–25 (6th Cir.1994). His current brief does not contain a clear challenge to the court's rationale for dismissing these claims. Thus, he has abandoned them for purposes of appellate review. *See United States v. Mick,* 263 F.3d 553, 567 (6th Cir.2001).

Helfrich asserted that he had received an arbitration award which included an adjustment to his 401(k) account, and that he tried to telephone the administrator of his retirement plan to find out why the adjustment was not reflected on his 401(k) statement. He alleged that the defendants then retaliated against him by sending him a letter of discharge. The district court found that Helfrich had already been discharged when this letter was sent. Thus, the court properly dismissed this claim because it was based on an unwarranted interpretation of the facts. *See Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987).

Helfrich now admits that he is a discharged employee. Nevertheless, he argues that his discharge is in arbitration and that he may be discharged again if the arbitration is resolved in his favor. This argument fails because the mere possibility of an arbitrated rehiring and subsequent discharge is not sufficient to raise an actual controversy for judicial review. *See O'Shea v. Littleton,* 414 U.S. 488, 493–94, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).

In his amended complaint, Helfrich primarily alleged that the administrator of his retirement plan would not accept his phone calls and that the defendants violated ERISA by denying his right to communicate with the plan provider about his account. In rejecting these claims, the district court properly construed the de-fendants' dismissal motion as a motion for summary judgment, as the motion and Helfrich's response included documentary evidence beyond the pleadings. *See* Fed. R.Civ.P. 12(b). We review an award of summary judgment de novo. *Copeland v. Machulis,* 57 F.3d 476, 478 (6th Cir.1995). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* The movant meets its initial burden by pointing to an absence of evidence regarding an essential element of the case. *Id.* at 478–79. The burden then shifts to the non-movant to bring forth significant probative evidence which shows that there is a genuine issue for trial. *Id.* at 479.

Helfrich argues that he did not have a sufficient opportunity for discovery. However, he did not file an affidavit in the district court which clearly demonstrated that additional discovery was needed. *See* Fed.R.Civ.P. 56(f). Thus, the court acted within its discretion by issuing a summary judgment ruling without allowing additional time for discovery. *See Cacevic v. City of Hazel Park,* 226 F.3d 483, 488–89 (6th Cir.2000).

Helfrich's claim was based on § 510 of ERISA, which makes it unlawful to discriminate against a participant of an employee benefit plan, for the purpose of interfering with any right to which the participant is entitled under the plan. *See* 29 U.S.C. § 1140. The district court properly found that Helfrich had not established a prima facie case under ERISA because the defendants' undisputed proof plainly indicated that he did not have a right to obtain information regarding his account by directly phoning the plan administrator. Thus, he did not establish a reasonable inference that the defendants intended to prevent him from attaining a benefit to which he was entitled. *See Ma-*

*jewski v. Automatic Data Processing, Inc.,* 274 F.3d 1106, 1114 (6th Cir.2001).

Helfrich argues that he was treated differently than other plan participants who are allowed to speak directly with the plan administrator. However, the defendants' letter plainly indicated that it was inappropriate for him to call the plan administrator while his case was in arbitration. Helfrich has not made any attempt to show that the stated reason for the defendants' actions was merely a pretext for discrimination. Therefore, summary judgment would have been proper, even if it were assumed that he had made out a prima facie case. *See Walsh v. United Parcel Service,* 201 F.3d 718, 729–30 (6th Cir.2000).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.