Jackie Phillip STEPHENS,
Plaintiff–Appellant,

v.

Jerry CRABTREE; David Shelton; Crosby Jones; Tony Isom; Tim Fuller; Mike Bell; Jimmy Driver; Mike Foster; Franklin County, Tennessee, sued as Franklin County (Gov't) Tennessee, Defendants–Appellees.

No. 02–5448.

United States Court of Appeals, Sixth Circuit.

Aug. 4, 2003.

Before KENNEDY, GILMAN, and GIBBONS, Circuit Judges.

### ORDER

Jackie Phillip Stephens, proceeding pro se, appeals a district court order denying his Fed.R.Civ.P. 60(b) motion. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Stephens filed suit pursuant to 42 U.S.C. §§ 1983, 1984, 1985, and 1986, against the Chief Deputy Sheriff of Coffee County, Tennessee (Jerry Crabtree), three agents from the United States Drug Enforcement Administration (David Shelton, Crosby Jones, and Tony Isom); four employees of the Franklin County, Tennessee, Sheriff's Department (Tim Fuller, Mike Bell, Jimmy Driver, and Mike Foster); and Franklin County, Tennessee. Stephens asserted that: 1) Crabtree assaulted him as he exited the Franklin County Jail to be transported to the Hamilton County, Tennessee, Jail to await trial on federal drug charges; and 2) the other defendants delayed his transfer until Crabtree's arrival and did not attempt to stop the assault. Upon initial consideration, the district court sua sponte dismissed Franklin County as a defendant and ordered service on the remaining defendants. The federal defendants, Crabtree, and the Franklin County defendants filed separate summary judgment motions between June 30, 2000, and April 13, 2001. Stephens did respond to any of the motions, and the district court accordingly granted summary judgment in favor of the

defendants on June 20, 2001. The district court reasoned that Stephens had failed to state a claim for an Eighth Amendment violation because he had alleged, at most, a de minimis injury.

On July 13, 2001, Stephens filed a motion to alter or amend the judgment, arguing, inter alia, that the district court erred by granting summary judgment before the discovery deadline had expired and he could obtain medical records. The district court denied the motion on the ground that Stephens had failed to present any additional information that would cause the court to reconsider its previous order.

On appeal, Stephens essentially reasserts his claims and argues that the district court erred by granting summary judgment before discovery was complete. He also requests the appointment of counsel. Defendant Crabtree moves to strike the exhibits attached to Stephens's brief.

Initially, we note that this court entered an order on February 6, 2003, construing Stephens's post-judgment motion as a Fed. R.Civ.P. 60(b) motion and limiting the arguments on appeal to issues concerning the denial of the post-judgment motion. Thus, we decline to review the merits of Stephens's original claims.

This court reviews the denial of a Rule 60(b) motion for an abuse of discretion. *Cacevic v. City of Hazel Park,* 226 F.3d 483, 490 (6th Cir.2000). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. *Id.*

No abuse of discretion occurred, as Stephens's motion does not allege the existence of any of the grounds for relief listed in Rule 60(b)(1)-(6). First, Stephens has not shown any mistake, inadvertence, surprise, or excusable neglect, as required by Rule 60(b)(1). Relief may be granted under this subsection only where a party has made an excusable litigation mistake, an

attorney has acted without authority, or a judge has made a substantive mistake of law or fact in the final judgment or order. *Id.* Stephens is not entitled to relief under this subsection because the district court's grant of summary judgment before the discovery deadline was not in error. *See id.* at 488. It was Stephens's responsibility to file a Fed.R.Civ.P. 56(f) affidavit with the district court, detailing the additional discovery needed before he could respond to the defendants' motions for summary judgment. *See id.* Stephens did not file an affidavit, and his error may not be considered excusable neglect. *See id.* at 490–91.

Next, Stephens did not present any "newly discovered evidence" that would merit relief under Rule 60(b)(2), nor did he allege any fraud that would relieve him from operation of the district court's judgment pursuant to Rule 60(b)(3). Stephens also did not show that he was entitled to relief under Rule 60(b)(4) or (5) because he did not allege that the district court's judgment was void, that the judgment has somehow "been satisfied, released, or discharged," or that the judgment was inappropriate for prospective application.

Finally, Rule 60(b)(6) was not applicable because no exceptional or extraordinary circumstances were present, and principles of equity did not mandate relief. *See McCurry ex rel. Turner v. Adventist Health System/Sunbelt Inc.,* 298 F.3d 586, 592 (6th Cir.2002).

Accordingly, the request for appointed counsel is denied, the motion to strike is granted to the extent that the exhibits were not part of the district court record, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.