DIRECTV, INC., Plaintiff,

v.

Eddie DEVRIES, Defendant.

No. 1:03–CV–756.

United States District Court,
W.D. Michigan,
Southern Division.

Feb. 6, 2004.

Norman Ankers/Angela Emlet–Dardas/Janice Keays Smith, for Plaintiff.

George P. Campbell, for Defendant.

*OPINION*

QUIST, District Judge.

Plaintiff, DIRECTV, Inc. ("DIRECTV"), has sued Defendant, Eddie DeVries ("DeVries"), alleging that he violated the Federal Communications Act of 1934, 47 U.S.C. § 605, the Omnibus Crime Control and Safe Streets Act of 1968, as amended by the Electronic Communications Privacy Act of 1986, and the Communications Assistance for Law Enforcement Act of 1994, 18 U.S.C. §§ 2510–22 (the "Wiretap Act"), by purchasing and using access cards and other devices ("Pirate Access Devices") to decrypt, receive, and view DIRECTV's encrypted satellite transmissions of television programming. DIRECTV seeks injunctive relief, statutory damages, or, in the alternative, compensatory and punitive damages, attorney fees and costs. Now before the Court is DeVries' motion for summary judgment.

## I. *Background*

DIRECTV filed this action against DeVries and others on May 22, 2003. DeVries' case was subsequently severed from the original action pursuant to the Court's October 21, 2003, Order. DIRECTV alleges that DeVries violated 47 U.S.C. § 605(a) and 18 U.S.C. §§ 2511(1)(a), 2512(1)(b), by possessing and using a Pirate Access Device known as an "Unlooper" to decrypt and receive DIRECTV's satellite signals.[1] DeVries admits that he purchased the Unlooper but denies that he was ever able to use it to receive DIRECTV programming. (DeVries Aff. ¶ 7, attached to Def.'s Mot.)

On July 10, 2003, DeVries served his First Requests For Admission, First Interrogatories, and First Requests to Produce Documents upon DIRECTV. DIRECTV did not respond to the request for admission within the time set forth in Fed. R.Civ.P. 36. DeVries' request sought to

---

1. The Court notes that DIRECTV has dismissed its claim under 18 U.S.C. § 2512 in other cases but has not indicated whether it intends to do so in this case.

obtain admissions from DIRECTV that it has no witness or evidence supporting its claim that DeVries used the Unlooper to receive DIRECTV's signals. DeVries filed the instant motion on September 29, 2003, arguing that he is entitled to summary judgment based upon DIRECTV's failure to answer his request for admission as well as DeVries' own affidavit.

## II. *Summary Judgment Standard*

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R.Civ.P. 56. Material facts are facts which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir.1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

## III. *Discussion*

As noted above, DeVries' motion is based both upon DIRECTV's failure to answer his request for admission and upon DeVries' affidavit. DIRECTV correctly notes that DeVries' request for admission cannot be considered in connection with the instant motion because it was prematurely served and the time for DIRECTV to answer has not yet passed. Rule 36(a), which pertains to requests for admission, states: "Without leave of court or written stipulation, requests for admission may not be served before the time specified in Rule

26(d)." Rule 26(d) states that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." According to DIRECTV, the parties have not conducted a Rule 26 conference. (Keays Smith Aff. ¶ 4.) DeVries does not dispute this representation. Therefore, DeVries' requests for admissions were served prematurely.

DeVries' belief that his request was properly served and that DIRECTV failed to answer within the time provided in Rule 36 is understandable based upon confusion as to whether discovery in DeVries' case was subject to the deadlines set forth in the Court's July 1, 2003, Case Management Order. However, the Case Management Order specifically lists the cases to which it applies, and DeVries' case (which at the time was the multi-defendant case) is not listed. Therefore, the Court will not deem DeVries' request for admission to be admitted by DIRECTV, and that request cannot be considered in the instant motion.

DeVries argues that even if the admissions are disregarded, DIRECTV has failed to present an affidavit or other evidence refuting DeVries' statement in his affidavit that he was unable to use the Unlooper to receive DIRECTV's signal. DeVries is correct that DIRECTV did not specifically respond to his affidavit with admissible evidence as required by Rule 56(c). In fact, DIRECTV devoted the bulk of its response brief to the issue regarding the request for admission.

DIRECTV states: "The only facts yet argued before this Court can be found in Plaintiff's Complaint, Defendant's Answer to that Complaint, and the affidavit DeVries filed along with his Motion for Summary Judgment. Since those documents plainly reveal a dispute over the facts at issue in this matter, Summary Judgment is not warranted at this time." (Pl.'s Resp. at 1–2.) This statement miscomprehends the nature of a summary judgment motion

and the parties' respective burdens. "Once the moving party has made [a showing that there is no genuine issue of material fact], the nonmoving party cannot rest on its pleadings, but must identify specific facts that can be established by admissible evidence that demonstrate a genuine issue for trial." *Highland Capital, Inc. v. Franklin Nat'l Bank,* 350 F.3d 558, 564 (6th Cir.2003). Here, DeVries has submitted an affidavit in which he states that he was never able to use the Unlooper to receive DIRECTV. This is sufficient for DeVries to discharge his burden of demonstrating that there is no genuine issue of material fact. DIRECTV is not entitled to rely on the pleadings in order to show that a genuine issue remains for trial; it must present evidence. DIRECTV has failed to point to any evidence, such as DeVries' subscriber history, demonstrating a genuine issue of material fact, as it has done in other cases in which this Court has recently denied the defendants' motions for summary judgment. Nor has DIRECTV filed a Rule 56(f) affidavit setting forth the reasons why the Court should deny the motion in order to allow for discovery. *See Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir.2000). Therefore, DeVries is entitled to summary judgment.[2]

### IV. *Conclusion*

For the foregoing reasons, the Court will grant DeVries's motion for summary judgment.

An Order consistent with this Opinion will be entered.

---

**2.** Although DeVries' request for admission was premature and therefore not a valid basis for his summary judgment motion, there is no limitation upon when a defending party may move for summary judgment. Rule 56(b) states: "A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."