NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0054n.06
Filed: January 15, 2008

**07-5103**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| AMBREA C. PHILLIPS, a minor, by her father and next of kin, AUDIE L. PHILLIPS, and AUDIE PHILLIPS, individually, | ) ) ) ) ) | |
| Plaintiffs-Appellants, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| v. | ) ) | |
| ANDERSON COUNTY BOARD OF EDUCATION, | ) ) ) | |
| Defendant-Appellee. | ) | |

Before: DAUGHTREY and GILMAN, Circuit Judges; EDMUNDS,[*] District Judge.

PER CURIAM. In this sex discrimination case, plaintiff Ambrea Phillips[1] challenges the order of the district court granting summary judgment to the defendant, Anderson County Board of Education, on her claims under 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681. Phillips contends (1) that the summary judgment order was premature, thereby depriving her of the opportunity to complete

---

[*]The Hon. Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

[1]The plaintiff concedes on appeal that the district court correctly dismissed her father, Audie Phillips, as a party because she has attained the age of majority, because parental loss of consortium is not cognizable under Section 1983 and because, as a parent, he lacks standing to assert a Title IX claim.

discovery, and (2) that the district court erred in finding that the defendant Board of Education was not liable for discriminating against her on the basis of her gender. Because we find no reversible error in connection with the decision to grant summary judgment to the defendant, and because the plaintiff has failed to demonstrate that additional discovery would have aided her case against the Board, we affirm the district court's judgment.

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

At the time of the events that gave rise to this litigation, Ambrea Phillips was a senior at Anderson County High School. In her last semester before graduation she enrolled in the school's Office Tech Co-Op program, which employed her outside the school during the two morning periods of the four-period academic day. Her schedule at the beginning of the spring semester in January 2006 called for her to have lunch immediately after her morning at Co-Op, followed by physical education during the third period and Government and Economics in the fourth period. The third-period "weightlifting and conditioning" class in which the plaintiff enrolled was scheduled to include approximately 30 male students, Phillips, and one other female student. The course was not new, having been offered for several years to both male and female students, and an additional weightlifting class with both male and female students was offered that same semester during a different class period. As part of the course, students were required to spot one another, which required some minimal physical contact.

The circumstances of Phillips's removal from the weightlifting class are disputed, but the district court correctly found that the dispute was not material to the determination of the defendant's motion for summary judgment. The defendant claimed that Phillips was removed after the other female student withdrew from the class on Thursday, January 5. On Friday, January 6, Principal Bob McCracken consulted with the weightlifting teacher, Josh Kerr, and decided to removed Phillips from the course for safety and liability reasons. McCracken said that he was concerned specifically about Phillips's safety, the school's liability, and the risk of sexual assault. Phillips maintained, however, that the other female student was still part of the class on Friday, January 6, when Rhonda Woodfin, a secretary from the guidance office, approached the pair of female students in the weightlifting class and informed them they were being removed because they were the only girls enrolled in the class.

On Monday, January 9, Phillips spoke with McCracken and another school official, Murrell Albright, about her removal from the weightlifting class. They informed her that they could not permit enrollment consisting of all male students, a male teacher, and one or two female students. That same day Phillips's father, Audie Phillips, contacted Anderson County High School to confirm that his daughter was not removed from the class for being in trouble and spoke to Albright. Audie Phillips then "mentioned" Title IX, but Albright informed him that it was "our school" and that his daughter would not be returned to the class.

At this point, instead of contacting someone at the county Board of Education, Audie Phillips called a local television station and the Tennessee Department of Education. A news reporter from the television station interviewed McCracken on Wednesday, January 11, at which time McCracken confirmed that Phillips had been removed from class because he was concerned for her safety in a classroom filled almost exclusively with boys. That same day, a state attorney contacted the Anderson County Director of Schools, V.L. Stonecipher, to inform him of the possible Title IX violation. Stonecipher met with McCracken and told him, "[Y]ou need to take care of this, if you dropped somebody from a class make sure it's not because of their [sic] sex." Stonecipher also instructed the Board of Education's Title IX Coordinator, Chuck Puglisi, to investigate. Puglisi met with the plaintiff immediately and, later that afternoon, McCracken informed her that she had been reinstated to the weightlifting class.

Phillips returned to weightlifting class the next day, having missed only three days of instructional time. She had no subsequent problems with the course, received an A in the class, and graduated at the end of the semester. Nevertheless, Phillips and her father filed a complaint against the Anderson County Board of Education in federal district court, asserting violations of her rights under Section 1983 and Title IX and claiming $1,000,000 in damages. Those damages were predicated on the plaintiff's allegation that the stress of her removal from class caused her to be unable to eat and thereby weakened her physical condition to such an extent that she subsequently contracted mononucleosis.

In response to the defendant's motion for summary judgment, the plaintiff noted that she had sought and been granted judicial permission to take further depositions, which had not yet been completed; she therefore urged the district court to find the motion for summary judgment premature in light of the incomplete depositions. Arguing in favor of delay, the plaintiff asserted that further discovery would establish that the defendant had previously ignored or covered up allegations of discrimination on two occasions. The first involved an alleged affair between a high school principal and an employee; the principal was subsequently transferred to another high school. In the second incident, the assistant volleyball coach at Anderson County High School allegedly carried on an inappropriate relationship with a player on the volleyball team. These incidents, the plaintiff maintained, establish a pattern or policy on the part of the defendant of indifference toward "sexual misconduct."

The judge nevertheless granted summary judgment in favor of the defendants and dismissed plaintiff's claims with prejudice. From that order, the plaintiff now appeals.

## II. DISCUSSION

We review *de novo* the grant of summary judgment by a district court. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006). Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A

genuine issue of material fact exists only when, assuming the truth of the non-moving party's evidence and construing all inferences from that evidence in the light most favorable to the non-moving party, there is sufficient evidence for a trier of fact to find for that party. A non-moving party cannot withstand summary judgment, however, by introducing a "mere scintilla" of evidence in its favor. *See Ciminillo*, 434 F.3d at 464.

## A. **Prematurity of the Summary Judgment Motion**

Phillips claims that the district court erred by granting the defendant's motion for summary judgment while discovery was still ongoing, especially in light of pending depositions. The plaintiff contends that the district court's ruling on the summary judgment motion denied her the opportunity to produce sufficient evidence of the defendant's policy of disregarding sex discrimination in the school district. Specifically, plaintiff now argues that she needed deposition testimony from school district employees to establish past inappropriate relationships between a volleyball coach and a player, and a principal and an employee. As noted above, the plaintiff raised this issue in her brief in opposition to the defendant's motion for summary judgment, but she did not file a Rule 56(f) affidavit notifying the court of her need for continued discovery. As a result, the district court declined to delay its ruling on the motion for summary judgment.

Disputes regarding discovery matters are reviewed for abuse of discretion, and "a plaintiff complaining that a district court granted summary judgment without allowing adequate discovery must, at a minimum, be able to show that he could obtain information

through discovery that would disclose material facts." *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997) (internal quotation marks and citation omitted). However, where the complaining party does not comply with the mandates of Rule 56(f) and fails to file either an affidavit or a motion giving the district court the opportunity to assess the need for more discovery, "this court will not normally address whether there was adequate time for discovery." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000) (internal citations omitted). Although the plaintiff here raised her concerns about the inadequacy of discovery prior to summary judgment, she did so improperly, as the district court correctly noted. Moreover, even if we were to reach the substance of the claim, as did the district, we would find no legal or factual relevance between the allegations of "sexual misconduct" cited by the plaintiff and the allegation of discrimination in her complaint.

## B.  The Gender Discrimination Claims Under § 1983 and Title IX

As the district court noted in its memorandum opinion, a claim under Section 1983 may be maintained to redress the deprivation "of any rights, privileges, or immunities secured by the Constitution and laws" arising from "any statute, ordinance, regulation, custom, or usage, of any State." 42 U.S.C. § 1983. The court also identified the appropriate standard applicable here, observing that "[a] municipal liability claim against . . . [a] School Board must be examined by applying a two-pronged inquiry: (1) Whether the plaintiff has asserted the deprivation of a constitutional right at all; and (2) Whether . . . the School Board is responsible for that violation." *Doe v. Claiborne County*, 103 F.3d 495,

505 (6th Cir. 1996). For plaintiff to succeed in her claim, of course, she must offer evidence sufficient for a jury to answer both questions affirmatively. In this case, the plaintiff might well be able to establish to a jury's satisfaction that she suffered a constitutional deprivation when she was temporarily prevented from attending class on the basis of her gender alone, a proposition that the district court assumed without deciding. But the district court also found, correctly we conclude, that she could not demonstrate that the Anderson County Board of Education was responsible, and therefore liable, for the violation of her rights.

In reaching that conclusion, the district court engaged in a thorough analysis of the applicable statutes and case law. Common to the court's disposition of both the civil rights claim and the Title IX claim were its determinations that, even after taking the plaintiff's allegations as true, the record established that Principal McCracken was not executing an official policy of the Board at the time he ordered the plaintiff's removal from class, nor was he acting as a policy-maker on behalf of the Board; that the Board had played no part in the decision to remove the plaintiff from the weightlifting class; and that the Board had not failed to investigate the plaintiff's complaint, instead taking immediate action on her behalf to correct the situation as soon as the Director of Schools learned of the problem from an outside source. Certainly, there is no proof that after the Board had notice of the plaintiff's claim, it "act[ed] with deliberate indifference to known acts of [discrimination]." *Davis v. Monroe County Board of Education*, 526 U.S. 629, 633 (1999).

Because the reasons why judgment should be entered for the defendant have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its memorandum opinion filed on December 19, 2006.