The COAL CREEK MINING & MANUFACTURING CO.,
Plaintiff–Appellant,

v.

JAMES RIVER COAL SERVICE CO. f/k/a INTERSTATE COAL CO., Defendant–Third–Party Plaintiff–Appellee;

The Tennessee Coal Co., Third–Party Defendant–Appellee.

No. 00–5482.

United States Court of Appeals, Sixth Circuit.

June 6, 2001.

Before MARTIN, Chief Judge; MOORE, Circuit Judge; O'MALLEY, District Judge.[*]

PER CURIAM.

Coal Creek Mining and Manufacturing Company appeals the district court's denial of its motion for relief from order pursuant to Federal Rule of Civil Procedure 60(b). For the following reasons, we AFFIRM.

I.

On July 6, 1984, Coal Creek Mining and Manufacturing Company entered into a lease agreement with the James River Coal Company (known at the time as the Interstate Coal Company, Inc.). Coal Creek leased to James River the right to mine certain coal seams on 12,500 acres of land in Anderson and Campbell Counties, Tennessee. In return, James River agreed to pay Coal Creek a percentage of the royalties on the mined coal. On June 9, 1995, James River assigned its right, title, and interest in the lease to the Tennessee Coal Company.

The lease ran for ten years and automatically extended another ten years when not all mineable and merchantable coal was removed during the initial term. The lease provided that it would cease when all mineable and merchantable coal had been removed from the seams. The lease defined "mineable and merchantable coal" as "such coal as in the good faith discretion of the LESSEE can, at the time such coal is reached in the mining operations, be mined and marketed at a reasonable profit to LESSEE by the exercise of prudent management and proper mining methods, utilizing the modern equipment and mining technology common in the Eastern Kentucky and East Tennessee coal fields."

Tennessee Coal ceased mining the leasehold in August 1997 and has since refused to pay Coal Creek the minimum annual royalty of $500,000. On July 9, 1998, Coal Creek sued James River in Anderson County Chancery Court, alleging that James River breached the lease by failing to pay the minimum royalty for the lease year ending July 5, 1998. James River removed the case to federal court, and on February 16, 1999, James River filed a Third Party Complaint, adding Tennessee Coal as a third-party defendant. On April 16, after initial discovery disclosures, both James River and Tennessee Coal served Coal Creek with written discovery, including requests for admissions pursuant to Federal Rule of Civil Procedure 36. The requests for admissions included questions relating to the ultimate issue of fact: whether mineable and merchantable coal remained on the leased property. Coal Creek filed a response to the requests for admissions on December 28, well after the allotted thirty-day answer period. James River and Tennessee Coal moved for summary judgment, arguing that the response was late and that therefore the issues were deemed admitted, thus leaving no questions of material fact. Coal Creek then filed a motion to amend its admissions. On February 18, the district court denied Coal Creek leave to withdraw its admissions and granted summary judgment in favor of James River and Tennessee Coal. On March 8, Coal Creek filed a motion for relief from order pursuant to Federal Rule of Civil Procedure 60(b), which the district court denied. Coal Creek appeals the denial of its Rule 60(b) motion.

[*] The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

## II.

We review a denial of a Rule 60(b) motion for abuse of discretion. *See Browder v. Director, Dep't of Corr. of Ill.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). Abuse of discretion is "a definite and firm conviction that the trial court committed a clear error of judgment." *Davis v. Jellico Cmty. Hosp., Inc.,* 912 F.2d 129, 133 (6th Cir.1990) (internal quotation marks omitted). A court abuses its discretion when it relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard. *See Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995).

A court may grant a Rule 60(b) motion for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ...; or (6) any other reason justifying relief." Fed.R.Civ.P. 60(b). "A party seeking relief from judgment under Rule 60(b) must show that its case comes within the provisions of the Rule." *Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir.1993).

Coal Creek argues that the district court abused its discretion by not granting its motion under Rule 60(b)(1) because the district court's two bases for granting summary judgment can be explained by "excusable neglect." Coal Creek claims that the district court based its award of summary judgment on two factors: 1) Coal Creek's failure to respond timely to the request for admissions, and 2) Coal Creek's failure to produce timely an expert witness report. Coal Creek explains its failure to respond timely to the request for admissions by acknowledging counsel's error but citing the serious illnesses of both its lead counsel, Lewis S. Howard, Sr., and one of its principal officers. Coal Creek explains its failure to produce the expert witness report in a timely manner by stating that it did not receive the report from the witness until January 5, 2000, and that it produced the report two days later. Coal Creek further argues that there is no evidence that it acted willfully, deliberately, or in bad faith.

The district court's opinion granting summary judgment, which also provided the reasoning for its denial of the Rule 60(b) motion, explained that Coal Creek is represented not only by Lewis S. Howard, Sr. but also by Lewis S. Howard, Jr. The district court noted that Howard, Jr. filed a notice of appearance in the case on March 11, 1999, that both Howards participated in a case planning meeting on March 9, and that both were sent the requests for admissions. In granting summary judgment against Coal Creek, the district court reasoned that Howard, Sr.'s affidavit stating that he was hospitalized from July 19 to August 25, 1999, and from November 14 to 26, 1999, does not fully explain Coal Creek's failure to respond timely to the requests for admissions. The district court noted that no explanations had been presented for Howard, Jr.'s failure to respond or for Howard, Sr.'s failure to respond in the months between his hospitalizations, particularly in light of the fact that Howard, Sr. sent a letter on August 31, 1999, to Tennessee Coal to suggest settlement discussions. The district court concluded, "The court is sympathetic to Mr. Howard's medical condition, but plaintiff, through either Mr. Howard, Sr. or Mr. Howard, Jr., could have taken the simple step of requesting additional time to respond to the requests for admissions."

Regarding the second basis for granting summary judgment, that Coal Creek did not timely produce an expert witness report, the district court stated, "The identification of that expert testimony was critical in this case, since only one factual issue

remained [whether the property contained mineable and merchantable coal] and resolution of that issue would have depended upon the expert testimony." The district court further reasoned that the two late filings combined to prejudice Tennessee Coal and James River "in that discovery would have to be reopened to obtain evidence responsive to plaintiff's late-disclosed expert testimony and to plaintiff's tardy denials of the requests to admit." The district court based its conclusion on Federal Rule of Civil Procedure 26(a)(2)(C): "[Disclosure of expert testimony] shall be made at the times and in the sequence directed by the court."

We conclude that the district court did not abuse its discretion in denying Coal Creek's Rule 60(b)(1) motion for relief from its order granting summary judgment to Tennessee Coal and James River. We have held that a Rule 60(b)(1) motion is "intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park,* 226 F.3d 483, 490 (6th Cir.2000) (quoting *Yapp v. Excel Corp.,* 186 F.3d 1222, 1231 (10th Cir.1999)). Here, Coal Creek has offered no valid excuse for its litigation mistake, and the district court did not make a mistake of law or fact in its final order. Thus, the district court did not abuse its discretion in denying Coal Creek relief under Rule 60(b)(1).

### III.

For the foregoing reasons, we AFFIRM the district court's denial of Coal Creek's Rule 60(b) motion for relief.