Peggy TURNER; Earl Turner, Sr., Plaintiffs–Appellants,

v.

GENERAL MOTORS CORPORATION, Defendant–Appellee.

No. 00–6047.

United States Court of Appeals, Sixth Circuit.

Nov. 2, 2001.

Before KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

## *ORDER*

Peggy Turner and Earl Turner Sr., Kentucky residents, appeal through counsel the summary judgment for defendant in this diversity product liability action. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not necessary in this case. Fed. R.App. P. 34(a).

Plaintiffs, wife and husband, filed this action in 1995, asserting that Peggy Turner was injured in a November 21, 1994 automobile collision during which the airbag in her vehicle, manufactured by defendant, allegedly failed to properly deploy. A lengthy discovery period ensued. Ultimately, the district court ordered that testing of the airbag by defendant's expert would be performed no later than March 23, 2000, that plaintiffs could have an expert present at the testing, and that the testing would be videotaped. The discovery cutoff date was April 15, 2000. The testing proceeded as scheduled. Plaintiffs' expert did not attend, and they did not request a copy of the videotape. On May 1, 2000, defendant filed a motion for summary judgment, asserting that the testing of the airbag conclusively showed that it had deployed properly during the collision. A response to the motion was due by May 16, 2000, but none was filed. On May 26, 2000, the district court granted the motion for summary judgment, noting that it was unopposed and that defendant was entitled to judgment as a matter of law.

On the same date that summary judgment was entered, plaintiffs' counsel filed a motion to compel discovery of the videotape of the expert's test of the airbag, although no request for the videotape had ever been made of defendant. On June 8, 2000, plaintiffs filed a motion to reconsider and vacate the judgment, arguing that counsel's busy schedule constituted an excuse for neglecting this matter. The district court denied the motions.

Although the parties frame the issue on appeal as whether plaintiffs were entitled to relief from judgment under Fed. R.Civ.P. 60(b) based on excusable neglect, the motion to reconsider and vacate in this case was filed within ten days of the judgment and is therefore properly construed as a Rule 59(e) motion. *See Russell v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746, 750 (7th Cir.1995). Therefore, the filing of the motion tolled the time for an appeal, and the subsequent notice of appeal brings up for review the underlying judgment.

■ A district court may properly grant summary judgment when the oppos-

ing party has not responded to the motion, if the motion demonstrates that the moving party is entitled to judgment as a matter of law. *Stough v. Mayville Cmty. Sch.,* 138 F.3d 612, 614 (6th Cir.1998). The district court made such a finding in this case. According to the expert's test of the airbag, none of the theories propounded by plaintiffs to explain the alleged failure to properly deploy was possible. The proper amount of chemicals was shown to have been present in the airbag, there was no contamination shown, and all of the chemicals had combusted according to design.

 Plaintiffs' motion to compel discovery of the videotape of the testing was filed May 26, 2000, the same day that judgment was entered. Plaintiffs had never requested a copy of the videotape from defendant, although they were aware that the testing had been completed by March 23, 2000, and that the discovery period cutoff was on April 15, 2000. Nor had they responded to the motion for summary judgment by May 16, 2000, with an affidavit explaining why further discovery was necessary and had not been completed previously. It is well established that a summary judgment will not be overturned on the basis of incomplete discovery where the district court was not notified that more discovery was needed to respond to the motion within the response period. *Cacevic v. City of Hazel Park,* 226 F.3d 483, 492 (6th Cir.2000). Where the party opposing the summary judgment motion has been dilatory in securing the necessary discovery, it cannot be argued that judgment has been entered without the opportunity to establish a genuine issue of fact. *Plott v. Gen. Motors Corp., Packard Elec. Div.,* 71 F.3d 1190, 1196–97 (6th Cir.1995). Both of these failings were present in this case. Plaintiffs were dilatory in requesting discovery, and in informing the district court that more discovery was necessary. Plaintiffs' failure to respond to the motion

for summary judgment or request an extension of time to do so is inexcusable neglect, and the belated attempt to reopen discovery and vacate the judgment was properly denied. *See Kendall v. Hoover Co.,* 751 F.2d 171, 175 (6th Cir.1984).

Accordingly, the district court's judgment is affirmed.