946 F.2d 902
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert Vann WILSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-6341.
 United States Court of Appeals, Tenth Circuit.
 Oct. 23, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 This matter is before the court for consideration of defendant's motion for leave to proceed in forma pauperis. Defendant appeals from a district court order denying his motion to vacate, correct, or set aside sentence under 28 U.S.C. § 2255. The latter motion was filed by defendant after he voluntarily dismissed a direct appeal from his conviction, following a guilty plea, of conspiracy to import cocaine into the United States in violation of 21 U.S.C. §§ 952, 963.
 
 
 2
 Defendant's § 2255 motion sets out four "Challenges to the Jurisdiction of the District Court," which assert the following grounds in support of defendant's claim that the district court lacked subject matter jurisdiction over his offense:
 
 
 3
 (1) There is no specific provision for district court jurisdiction included in the cited statutes or in Title 21 in general;
 
 
 4
 (2) The cited statutes exceed the constitutional reach of Congress, as delimited by the Commerce Clause;
 
 
 5
 (3) The cited statutes constitute an impermissible encroachment upon state authority under the Tenth Amendment; and
 
 
 6
 (4) Title 21 is null and void due to Congress' failure to enact it into positive law.
 
 
 7
 We agree with the district court that these jurisdictional contentions are frivolous on the merits.[1] The trial court properly exercised jurisdiction over defendant's offense pursuant to 18 U.S.C. § 3231, which provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." See United States v. Monroe, 89-50597, slip op. at 11500-01 (9th Cir. Aug. 21, 1991); United States v. Desurra, 865 F.2d 651, 654 (5th Cir.1989); United States v. Romero-Galue, 757 F.2d 1147, 1150 n. 10 (11th Cir.1985). Numerous authorities support Congress' broad authority under the Commerce Clause to regulate and proscribe illicit drug activities. See, e.g., United States v. Thornton, 901 F.2d 738, 741 (9th Cir.1990); United States v. Atkinson, 513 F.2d 38, 39-40 (4th Cir.1975); United States v. Scales, 464 F.2d 371, 373-75 (6th Cir.1972); United States v. Lopez, 459 F.2d 949, 951-53 (5th Cir.), cert. denied, 409 U.S. 878 (1972). The tenth amendment raises no additional impediment to enforcement of the federal drug laws. See In re Grand Jury Proceedings, 801 F.2d 1164, 1169-70 (9th Cir.1986) (because regulation of drugs falls within bounds of Commerce Clause, tenth amendment does not bar prosecution for federal drug offense); Lopez, 459 F.2d at 951 (same). Finally, the fact that Title 21 has not yet been "revised, codified, and enacted into positive law" in accordance with the legislative agenda noted in the preface to the United States Code does not render the substantive law it records a nullity. The concern here is not with the validity of the underlying legislation but with the authenticity of the Code, and, even prior to the contemplated revision, the text of Title 21 remains "prima facie evidence of the laws" recorded therein. Thomas J. Foley, Speaker of the House of Representatives, Preface to United States Code at vii (1988). In this latter regard, defendant has not even suggested that Title 21 is not a faithful representation of Congressional enactment.
 
 
 8
 Defendant's § 2255 motion includes a number of constitutional references in connection with his formally designated jurisdictional challenges. Construed as additional grounds for relief, these matters are procedurally barred due to defendant's failure to raise them on direct appeal.[2] See United States v. Frady, 456 U.S. 152, 168 (1982); see also United States v. Shelton, 848 F.2d 1485, 1490 (10th Cir.1988). For clarification, we note that in light of the Supreme Court's recent abandonment of the "deliberate bypass" standard of Fay v. Noia, 372 U.S. 391 (1963), with respect to appellate procedural defaults in the functionally related context of 28 U.S.C. § 2254 proceedings, see Coleman v. Thompson, 111 S.Ct. 2546, 2562-65 (1991), we reach our conclusion regarding procedural bar under the "cause and prejudice" standard that now generally controls the procedural default inquiry in the post-conviction context. See id.; see also McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991) (cause and prejudice standard governs in abuse of writ context as well).
 
 
 9
 For the reasons stated above, defendant's application for leave to proceed in forma pauperis on appeal is DENIED, and this appeal is DISMISSED. The government's motion to dismiss appeal for untimely filing of in forma pauperis application is DENIED.
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We note that errors which divest the sentencing court of jurisdiction may be raised for the first time in a § 2255 motion. See United States v. Harper, 901 F.2d 471, 472-73 (5th Cir.1990); United States v. Milestone, 626 F.2d 264, 267 n. 2 (3d Cir.), cert. denied, 449 U.S. 920 (1980); St. Cloud v. United States, 702 F.Supp. 1456, 1458 (D.S.D.1988)
 
 
 [2]
 These matters are also subject to the rule of waiver triggered by defendant's guilty plea. See United States v. Davis, 900 F.2d 1524, 1525-26 (10th Cir.), cert. denied, 111 S.Ct. 155 (1990). See generally United States v. Broce, 488 U.S. 563 (1989)