7 F.3d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bruce D. LEWIS, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 93-5325.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1993.
 
 Before: KEITH, GUY and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Bruce D. Lewis, a pro se Kentucky prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In April 1987, a jury found Lewis guilty of third degree burglary. The trial court enhanced Lewis's sentence to fifteen years for persistent felony offender (PFO) in the first degree. Following Lewis's appeal, the Kentucky Court of Appeals affirmed his conviction. Thereafter, Lewis filed a Ky.R.Cr. 11.42 motion to vacate his sentence, arguing that he received ineffective assistance of counsel when his trial counsel did not: 1) challenge the admissibility of his three prior convictions before the PFO phase of his trial; 2) move for a directed verdict after the prosecutor did not present evidence that Lewis was 18 years of age or older when the prior crimes were committed or that the prior offenses were committed progressively; 3) object to the prosecutor's "misinformation" presented during the PFO phase of his trial; and 4) object after the trial court did not give a jury instruction concerning Lewis's right not to testify. The Washington Circuit Court overruled this motion after two evidentiary hearings (October 19, 1989 and November 9, 1989), and oral argument (December 27, 1989). The Kentucky Court of Appeals affirmed this decision, and the Kentucky Supreme Court denied discretionary review.
 
 
 3
 In his petition for a writ of habeas corpus, Lewis essentially raises the same arguments, although he lists them as eight separate arguments. Lewis argues that trial counsel was ineffective when he: 1) did not move to suppress the evidence of Lewis's prior convictions; 2) did not object to the prosecutor's introduction of Lewis's prior convictions; 3) did not challenge the prior convictions based on the tenets of Boykin v. Alabama, 395 U.S. 238 (1969); 4) did not investigate whether the prior convictions met the requirements of Boykin; 5) did not ask for a mistrial after the prosecutor a) referred to one of Lewis's convictions as robbery, instead of burglary, and b) did not prove that the offenses were committed progressively or that Lewis was over eighteen years of age; 6) did not object to the prejudicial testimony of Lewis's parole officer; 7) did not object to the trial court's failure to instruct the jury on Lewis's right not to testify; and 8) did not make an opening argument in the PFO phase of the trial. Lewis's sixth and eighth arguments, however, were not presented to the state courts.
 
 
 4
 Following a review of the parties' cross motions for summary judgment, the magistrate judge filed a report recommending that the court dismiss the petition. Over Lewis's objections, the district court adopted the recommendation and dismissed the petition. Lewis has filed a timely appeal. The respondent has submitted a letter indicating that it will not be filing a brief.
 
 
 5
 Initially, we note that Lewis cannot seek review of his sixth and eighth arguments because he has not shown cause and prejudice to excuse his failure to present these arguments to the Kentucky state courts when he was previously able to do so. See Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir.1991); Stamps v. Rees, 834 F.2d 1269, 1274 (6th Cir.1987), cert. denied, 485 U.S. 980 (1988).
 
 
 6
 Upon review of the remaining arguments, we affirm the district court's judgment because Lewis has not shown that the proceedings against him were fundamentally unfair. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). Lewis did not receive ineffective assistance of counsel, see Strickland v. Washington, 466 U.S. 668, 687 (1984), because counsel's performance fell within the range of reasonable professional assistance. See Lewandowski v. Makel, 949 F.2d 884, 888 (6th Cir.1991).
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.