James Edward **CARSON**, Petitioner–Appellant,

v.

**UNITED STATES of America,** Respondent–Appellee.

No. 99–4007.

United States Court of Appeals, Sixth Circuit.

Jan. 26, 2001.

Before WELLFORD, RYAN, and SUHRHEINRICH, Circuit Judges.

James Edward Carson appeals a district court order denying his motion to vacate sentence filed under 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1993, a jury convicted Carson of armed carjacking in violation of 18 U.S.C. § 2119 and using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) and the district court sentenced him to 168 months of imprisonment. On appeal, this court affirmed his sentence. *United States v. Carson,* No. 93–4350, 1994 WL 562055 (6th Cir. Oct.13, 1994) (unpublished per curiam). In 1997, Carson filed his § 2255 motion, alleging that: 1) his counsel rendered ineffective assistance because he failed to call certain witnesses and because he did not adequately investigate the facts of the case; 2) his convictions resulted from a prejudicially suggestive pre-trial identification procedure; and 3) his convictions resulted from prosecutorial misconduct. Although Carson attempted to file an amended motion raising several additional issues, the district court refused to consider these issues because they were filed after the expiration of the statute of limitations. The district court then denied Carson's § 2255 motion as meritless. Carson subsequently filed a motion to alter or amend the judgment, which the district court denied in a marginal entry. In this timely appeal, this court has granted Carson a certificate of appealability for only the following issue: whether his counsel rendered ineffective assistance because he failed to call certain witnesses and because he did not adequately investigate the facts of the case.

We initially note that Carson argues on appeal that his counsel rendered ineffective assistance by failing to present evidence of the distance between Cleveland and Dayton, by not filing certain pretrial motions, and by not challenging his sentence on ex post facto grounds. However, this court only granted Carson a certificate of appealability on his claims that counsel rendered ineffective assistance by failing to call certain witnesses and by not performing an adequate investigation of the case. Appellate review is limited to the issues certified by this court. 28 U.S.C. § 2253(c); *Seymour v. Walker,* 224 F.3d 542, 561 (6th Cir.2000). Further, Carson did not raise these issues in his § 2255 motion. While he did attempt to raise them in his supplemental motion, the district court denied this motion as untimely. Since these issues were never properly raised before the district court, this court will not consider them on appeal. *Seymour,* 224 F.3d at 561.

Upon review, we conclude that the district court properly denied Carson's § 2255 motion. This court reviews de novo a district court's denial of a § 2255 motion, but reviews its findings of fact for clear error. *Riggs v. United States,* 209 F.3d 828, 831 (6th Cir.), *cert. denied,* 531 U.S. 884, 121 S.Ct. 200, 148 L.Ed.2d 140 (2000). A petitioner is entitled to relief under § 2255 upon showing a fundamental defect in the proceedings which resulted in a complete miscarriage of justice or an egregious error which violated due process. *See id.*

The district court properly concluded that Carson's ineffective assistance of counsel claims were without merit. To establish ineffective assistance of counsel, the petitioner must show that counsel's performance was deficient and that the deficient performance so prejudiced the

defense as to render the trial unfair and the result unreliable. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "The reviewing court's scrutiny of counsel's performance is highly deferential," and " 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.' " *McQueen v. Scroggy,* 99 F.3d 1302, 1311 (6th Cir.1996) (citation omitted). "[T]rial counsel's tactical decisions are particularly difficult to attack, and a defendant's challenge to such decisions must overcome a presumption that the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citations omitted). To satisfy the prejudice prong of the *Strickland* test, the petitioner must show that a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See id.* While the temptation to rely on hindsight is particularly strong in the context of ineffective assistance claims based on counsel's failure to investigate, the court must conclude that counsel's strategic choices made after less than complete investigation are not constitutionally deficient if a reasonable professional judgment supports the limitations on investigation. *Coe v. Bell,* 161 F.3d 320, 343 (6th Cir.1998).

■ Carson has not established that he was prejudiced by any allegedly deficient performance of his counsel. Carson argues that his counsel should have called certain witnesses who would have testified that he was in Dayton at the time the carjacking was committed in Cleveland. The district court determined that Carson's argument was without merit because he had not provided evidence of any witnesses who would have so testified. As part of his motion to amend, Carson submitted the affidavits of Carmen Huffman and Tilkia Fultz, which did support his contention that he was in Dayton on the date in question. After this case was pending on appeal, Carson submitted additional affidavits from Winston Iverson, Scott Martin, and Gail Bowens. Since Carson never presented these additional affidavits to the district court, this court will not consider them on appeal. Fed. R.App. P. 10(a); *United States v. Bonds,* 12 F.3d 540, 552 (6th Cir.1993); *see also Cacevic v. City of Hazel Park,* 226 F.3d 483, 491 (6th Cir.2000) (court will not entertain on appeal factual recitations not presented to the district court any more readily than it would tolerate an attempt to enlarge the record itself).

■ Further, we conclude that the affidavits of Huffman and Fultz do not establish that counsel's performance was deficient. While Carson also argues that counsel should have conducted several interviews as part of his investigation of the case, we conclude that this allegation does not establish ineffective assistance of counsel.

■ Lastly, Carson argues that the district court erred in not holding an evidentiary hearing on his claims. An evidentiary hearing need not be conducted in a § 2255 motion if the files and records of the case conclusively show that the petitioner is not entitled to relief. *Blanton v. United States,* 94 F.3d 227, 235 (6th Cir. 1996). As Carson's ineffective assistance claims are clearly without merit, the district court properly declined to hold an evidentiary hearing.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.