# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                          No. 00-4452

VAN ALLEN LOVE,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Joseph F. Anderson, Jr., Chief District Judge.
(CR-99-573)

Submitted: December 4, 2002

Decided: January 17, 2003

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Marilyn G. Ozer, MASSENGALE & OZER, Chapel Hill, North Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Marshall L. Prince, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Van Allen Love pleaded guilty to membership in a conspiracy to possess with intent to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. § 846 (2000). Love was sentenced to 323 months incarceration and 10 years of supervised release, under 21 U.S.C. §§ 841(b)(1)(A), 846 (2000). Love timely appealed. His appeal, through counsel and pro se, raises several issues.

First, Love argues he was subjected to an involuntary waiver of counsel when he was questioned directly by the sentencing court. This claim is meritless. The record reveals Love was represented by his counsel throughout his proceedings.

Second, Love argues his trial counsel was ineffective. The record does not conclusively establish Love's counsel was ineffective, and consequently, Love's claim cannot be raised on direct appeal, and must be asserted under 28 U.S.C. § 2255 (2000). *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999), *cert. denied*, 528 U.S. 1096 (2000); *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

Third, Love challenges the validity of his indictment, and his 323 month sentence, and the constitutionality of 21 U.S.C. § 841 (2000), under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). We review these claims for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993); *United States v. Dinnall*, 269 F. 3d 418, 427 (4th Cir. 2001). These claims are meritless. Love cannot establish his indictment or sentence is flawed, or that 21 U.S.C. § 841 (2000) is unconstitutional. *United States v. Cotton*, 122 S. Ct. 1781, 1785-86 (2002); *United States v. Promise*, 255 F.3d 150, 152 (4th Cir. 2001).

Fourth, Love argues he entered his guilty plea unknowingly and that consequently, his guilty plea is invalid. We review this claim de novo. *United States v. Damon*, 191 F.3d 561, 564 n.2 (4th Cir. 1999). This claim is meritless. Love's statements at the plea hearing reveal

he entered into his guilty plea knowingly and voluntarily. *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991).

Fifth, Love relies on 21 U.S.C. § 903 (2000) to assert he was not subject to federal jurisdiction for drug activity proscribed under state law, and on 21 U.S.C. § 851 (2000) to assert the Government erred by failing to file an information as a prerequisite to sentencing him as a career offender. Love has waived these claims by failing to raise them in district court. *Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993). Additionally, 21 U.S.C. § 903 does not deprive the federal government from criminalizing drug crimes proscribed by states, and Love's claim is therefore meritless. 21 U.S.C. § 903 (2000). Furthermore, as Love's sentence was not enhanced under 21 U.S.C. § 841(b) based on his prior convictions, his challenge to his sentence under 21 U.S.C. § 851 is meritless. 21 U.S.C. § 851 (2000); *United States v. Foster*, 68 F.3d 86, 89 (4th Cir. 1995).

Accordingly, we grant Love's pro se motions to file supplemental informal briefs, and we affirm Love's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

*AFFIRMED*