NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0477n.06

No. 09-4211

**FILED**

***Jul 12, 2011***

LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | **)** | |
| | **)** | |
| Plaintiff-Appellee, | **)** | |
| | **)** | ON APPEAL FROM THE UNITED |
| v. | **)** | STATES DISTRICT COURT FOR THE |
| | **)** | NORTHERN DISTRICT OF OHIO |
| DOUGLAS ANTHONY DALE | **)** | |
| | **)** | |
| Defendant-Appellant. | **)** | |
| | **)** | |

Before: ROGERS and KETHLEDGE, Circuit Judges; RUSSELL, Chief District Judge.[*]

RUSSELL, Chief District Judge. On this direct appeal, Defendant-Appellant Douglas Anthony Dale seeks an order vacating his convictions and remanding the case for a new trial on the basis of ineffective assistance of counsel. Because we find that Dale's request for relief would be better presented in a post-conviction motion to vacate under 28 U.S.C. § 2255, we affirm Dale's convictions without prejudice to such a motion.

Dale filed for bankruptcy on October 4, 2005, and received a discharge in the amount of $112,720.29. On January 29, 2009, a federal grand jury issued a five-count Indictment against Dale for allegedly engaging in fraudulent conduct during his bankruptcy proceedings. An eight-count Superseding Indictment was filed on March 25, 2009, charging Dale with bankruptcy fraud in violation of 18 U.S.C. § 157(1) (Count I), making false declarations in bankruptcy in violation of

---

[*] The Honorable Thomas B. Russell, Chief United States District Judge for the Western District of Kentucky, sitting by designation.

18 U.S.C. § 152(3) (Counts II, III, IV, V, and VI), making false oaths in bankruptcy in violation of 18 U.S.C. § 152(2) (Count VII), and concealment of assets in violation of 18 U.S.C. § 152(1) (Count VIII). Prior to trial, the district court granted the government's motion to dismiss Count VI.

Dale's trial for bankruptcy fraud began on May 19, 2009. At trial, the government's evidence focused primarily on Dale's interests in Canton Realty, a corporation established in 1992. Dale's alleged ownership interests in Canton Realty were not disclosed during his bankruptcy proceeding and the government argued that Dale attempted to camouflage these interests to defraud both his creditors and the mother of his child. Specifically, Count I alleged that Dale filed for bankruptcy to execute or conceal a scheme to defraud the mother of his child regarding his child support obligations. The jury heard testimony about Dale's child support arrearage, disclosures during the child support proceedings, and a settlement agreement between Dale and the mother of his child. One of the witnesses also suggested that Dale faked a disability to avoid employment. The government's remaining evidence sought to establish that Dale violated 18 U.S.C. § 152 by concealing from the bankruptcy trustee and his creditors his correct address, ownership of real property, ownership of Canton Realty, and a favorable money judgment.

At the close of evidence, Dale's trial counsel moved for judgment of acquittal, which the district court denied. The jury convicted Dale on Counts I, II, III, IV, V, VII, and VIII of the Superseding Indictment on May 21, 2009. Dale's counsel renewed his motion for judgment of acquittal following the jury's verdict. The district court granted in part and denied in part this motion, entering judgment of acquittal with respect to Count I based upon insufficiency of the evidence. The district court noted there was insufficient evidence to find that Dale initiated his

bankruptcy proceeding *for the purpose* of executing or concealing a scheme to defraud the mother of his child. The district court denied the motion for judgment of acquittal as to the remaining counts and sentenced Dale to 21 months' imprisonment with three years of supervised release. Dale appeals the district court's judgment, arguing that trial counsel's failure to file a motion for a new trial following the district court's judgment of acquittal as to Count I of the Superseding Indictment violated his Sixth Amendment right to counsel.

"The usual rule is that a defendant may not raise claims for ineffective assistance of counsel on direct appeal." *United States v. Sullivan*, 431 F.3d 976, 986 (6th Cir. 2005) (citing *United States v. Williams*, 176 F.3d 301, 312 (6th Cir. 1999)). Instead, appellants should raise such claims in a post-conviction proceeding under 28 U.S.C. § 2255, thus allowing the parties to develop an adequate record. *Id.* (quoting *United States v. Barrow*, 118 F.3d 482, 494 (6th Cir. 1997)). "If the parties have adequately developed the record, however, the court can elect to hear the issue on direct appeal." *United States v. Pierce*, 62 F.3d 818, 833 (6th Cir. 1995) (citations omitted). We review de novo claims of ineffective assistance of counsel when they present mixed questions of law and fact. *United States v. Wagner*, 382 F.3d 598, 615 (6th Cir. 2004).

*Strickland v. Washington*, 466 U.S. 668 (1984), established a two-pronged inquiry for ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687. A defendant must satisfy both prongs. *Id.* Failure to satisfy either prong defeats an ineffective assistance of counsel claim. *Id.* at 700. Dale argues that his trial counsel's failure to move for a new trial on the basis of prejudicial spillover constitutes ineffective assistance of counsel. He asserts that evidence of his child support proceedings would have been inadmissible in the absence of Count I, and that the jury improperly utilized this evidence in reaching a guilty verdict on all counts. Dale also believes the prosecution used pejorative language to incite the jury and encouraged the jury to commingle the evidence. Because of this spillover effect, Dale believes he would have been entitled to a new trial, and that he was therefore prejudiced by his attorney's failure to request one.

"Claims of retroactive, or prejudicial misjoinder only succeed when 'the defendant makes a showing of compelling prejudice' or 'the prosecutor acted in bad faith in bringing the initial . . . charge.'" *Goldsby v. United States*, 152 F. App'x 431, 439 (6th Cir. 2005) (quoting *United States v. Warner*, 690 F.2d 545, 554 (6th Cir. 1982)). The defendant bears a very heavy burden of showing prejudicial misjoinder. *Id.*; *United States v. Deitz*, 577 F.3d 672, 693 (6th Cir. 2009). In determining whether a defendant suffered prejudice, courts consider such factors as whether spillover evidence would incite or arouse the jury to convict on the remaining counts, whether the evidence was intertwined, the similarities and differences between the evidence, the strength of the government's case, and the ability of the jury to separate the evidence. *See, e.g.*, *United States v. Rooney*, 37 F.3d 847, 855-56 (2d Cir. 1994); *United States v. Pelullo*, 14 F.3d 881, 898-99 (3d Cir. 1994); *United States v. Murphy*, 836 F.2d 248, 256 (6th Cir. 1988).

In this case, Dale presents a reasonable argument for a finding of prejudice, but we believe the issue is best left to the trial judge to develop an adequate record and to determine whether the government acted in bad faith or whether Dale suffered compelling prejudice. By seeking relief under 28 U.S.C. § 2255, Dale's claims will be heard by the trial judge who witnessed trial counsel's performance and who is in the best position to determine whether Dale would have been granted a new trial. *See Massaro v. United States*, 538 U.S. 500, 506 (2003) ("The judge, having observed the earlier trial, should have an advantageous perspective for determining the effectiveness of counsel's conduct and whether any deficiencies were prejudicial."). A motion to vacate at the district court level will also allow additional factual development and insight into counsel's performance. *See id.* at 505; *United States v. Moran*, 393 F.3d 1, 10 (1st Cir. 2004).

For the foregoing reasons, we affirm Dale's convictions without prejudice, subject to Dale's raising his claim in a post-conviction motion to vacate under 28 U.S.C. § 2255.