NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0751n.06

Nos. 09-5072, 09-5073, 09-5074, 09-5075, 09-5076

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Nov 24, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| In re: AREDIA AND ZOMETA PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | |
| JENNY OSTERWALD-KALKOFEN, CONSTANTIA PETEVI, DAVID BALLINGALL, RENEE SHOSTAK, GLENNIS HUSSEY, | ) ) ) ) | |
| | ) | ON APPEAL FROM THE UNITED |
| Plaintiffs-Appellants, | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| v. | ) | TENNESSEE |
| | ) | |
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: MARTIN, COLE, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Plaintiffs Jenny Osterwald-Kalkofen, Constantia Petevi,

David Ballingall, Renee Shostak, and Glennis Hussey ("Plaintiffs") appeal the district court's grant

of summary judgment in favor of Novartis Pharmeceuticals Corporation ("NPC") and the court's

denial of Plaintiffs' motions for additional discovery. We affirm.

I.

Plaintiffs' suits are part of multi-district litigation, *In re Aredia & Zometa Products Liability*

*Litigation*, involving claims that the drugs Aredia and Zometa cause osteonecrosis of the jaw, a

disease that causes jaw-bone tissue to deteriorate due to reduced blood flow. Plaintiffs initially filed

their suits in the Southern District of New York. The Judicial Panel on Multidistrict Litigation transferred Plaintiffs' suits to the Middle District of Tennessee for pretrial proceedings.

Plaintiffs are citizens and residents of various foreign countries, in which they were prescribed and treated with Aredia or Zometa. Each of their complaints alleged that NPC "designed, tested, developed, manufactured, labeled, marketed, distributed and sold Aredia and Zometa." NPC's answer stated that NPC—a Delaware corporation with its principal place of business in New Jersey—did not manufacture, market, or distribute Aredia or Zometa in any of Plaintiffs' home countries. It appears undisputed that some other Novartis entity did.

NPC thereafter moved for summary judgment, submitting an affidavit from an NPC marketing executive, Rebecca Jolley, who stated that NPC had not manufactured, marketed, distributed, or sold Aredia or Zometa in any of Plaintiffs' home countries. Plaintiffs opposed the motion and filed a cross-motion, citing Federal Rule of Civil Procedure 56(f), for further discovery regarding NPC's corporate structure and activities overseas. The court denied Plaintiffs' motion, holding that they should have determined the proper entity to sue before filing suit. But the court granted NPC's cross-motion, reasoning that Plaintiffs had not disputed that NPC was not the entity that manufactured or sold the subject drugs to them. The court therefore entered judgment for NPC.

This appeal followed.

## II.

We review a district court's grant of summary judgment *de novo*. *Beecham v. Henderson County*, 422 F.3d 372, 374 (6th Cir. 2005). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as

to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

As the district court observed, "[a] fundamental principle of traditional product liability law is that the plaintiff must prove that the defendant supplied the product which caused the injury." *In re Aredia & Zometa Prods. Liab. Litig.*, No. 3:06-MD-1760, 2008 WL 5377886, at \*1 (M.D. Tenn. Dec. 2, 2008); *see also Stark v. Armstrong World Indus., Inc.*, 21 F. App'x 371, 376 (6th Cir. 2001) ("[T]o survive a motion for summary judgment, the plaintiff must first identify the defective product that injured him, and its manufacturer"). The undisputed record here is that NPC did not manufacture or supply the subject drugs to Plaintiffs, which would seem to doom their claims.

But Plaintiffs say their claims should proceed for two reasons. First, they argue that summary judgment was premature because they were entitled to additional discovery under Rule 56(f). That rule provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken,
>      or other discovery to be undertaken; or
> (3) issue any other just order.

Fed. R. Civ. P. 56(f).

A party seeking Rule 56(f) relief must show "'its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information.'" *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004) (quoting *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000)). We review for an abuse of discretion a district court's determination whether to

order additional discovery under this rule. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 409 (6th Cir. 1998).

Here, Plaintiffs say the discovery they seek would allow them to sue the right NPC entity and thus defeat summary judgment. But Plaintiffs should have sought this discovery long before fending off a summary-judgment motion. As an initial matter, Plaintiffs have never explained why they did not identify the correct entity before filing suit, as Rule 11 would seem to require. *See Albright v. Upjohn Co.*, 788 F.2d 1217, 1221-22 (6th Cir. 1986) (imposing Rule 11 sanctions when plaintiffs sued manufacturers not responsible for the drugs at issue). And Plaintiffs knew from the very outset of the case that NPC thought they had sued the wrong entity, since NPC asserted that error as an affirmative defense in its answer. Yet Plaintiffs did nothing to obtain discovery on the issue prior to NPC's motion for summary judgment. It is true, as Plaintiffs point out, that the MDL judge had not affirmatively permitted Plaintiffs to conduct discovery specific to their cases. Nothing prevented Plaintiffs, however, from filing earlier in the litigation essentially the same motion they filed later under Rule 56(f). Thus the district court did not abuse its discretion when it denied Plaintiffs' Rule 56(f) motion, and that motion presented no obstacle to summary judgment for NPC.

Second, Plaintiffs argue that NPC tested and labeled the subject drugs, and thus can be held liable on those grounds. But this argument is entirely conclusory; Plaintiffs cite no authority for the proposition that an entity that tests or labels a product can be liable absent any role in distributing the product to the plaintiff who brings suit. And in any event, Plaintiffs did not present their testing and labeling argument to the district court in opposing summary judgment, which means the argument is waived here. *See Foster v. Barilow*, 6 F.3d 405, 408 (6th Cir. 1993).

The district court's judgments in these cases are affirmed.